Dear Representative Martinette:
This opinion letter is in response to your question asking:
 May an Alderman of a Fourth Class City in the State of Missouri, serving as Acting President of the Board of Aldermen in the absence of the Mayor, vote one time in his position as Alderman, and a second time in his position as Mayor Pro Tem when there is a tie vote, which tie vote was caused by his vote as an Alderman?
It is our opinion that in the situation described in your question, an alderman serving as mayor pro tem may vote twice. Our opinion is based on the Missouri statutes which delineate the responsibilities of aldermen in fourth class cities, and on case law from other jurisdictions concerning related issues. Our research has revealed no Missouri appellate court decision addressing this question.
The statutes pertinent to this question are Sections79.090, 79.100 and 79.120, RSMo 1986. These sections all relate to the duties of aldermen and mayors of fourth class cities in Missouri. They provide that the acting president of the board of aldermen, whose position is established by Section 79.090, assumes the role of mayor in the event of the mayor's disability or absence. Section 79.100 directs that in such an event, the acting president "shall . . . perform the duties of mayor, with all the rights, privileges, powers and jurisdiction of the mayor . . ." Among the mayor's "rights, privileges or powers" is the authority to vote in the case of a tie. See Section 79.120. Thus, these provisions indicate that in the mayor's absence, the acting president of the board of aldermen assumes the mayor's privilege of voting in the case of a tie.
The statutes, however, are silent on the remaining issue raised by your question. That issue is whether the acting president who exercises the mayor's tie-breaking power is also entitled to vote in his role as alderman. In other words, can the mayor pro tem create a tie with his vote as alderman and then break this same tie with his vote as mayor? The statutes' silence indicate that indeed this is possible. Because Section79.100 does not provide that the acting president shall lose his authority as an alderman while acting as mayor, it must be assumed that his alderman's rights remain intact. These rights are conferred by other equally valid provisions and, since these rights are not inconsistent with the acting president's authority as mayor pro tem, they are not abrogated by implication. Moreover, to strip the mayor pro tem of his authority as an alderman would be to disenfranchise his ward. Thus, fairness as well as sound statutory construction support the conclusion that the mayor pro tem continues to enjoy the authority of an alderman.
There is support for this idea in cases from other jurisdictions. People ex rel. Walsh v. Teller, 7 N.Y.S.2d 168
(1938), is one such case. In this case, the New York Supreme Court was presented with the question of whether a mayor, who by law was both a member of the governing board and its presiding officer, could vote twice to create and break a tie. The court ruled that the mayor was entitled to two votes. The court observed: "The . . . Mayor of a village now has, and always did have, a vote on the Board . . . . If he had no more, a deadlock would have been created in the instant case, and public business would become imperilled. To grant the Mayor . . . the right to break this deadlock is not only reasonable, but wise. If the legislature intended to grant that power only, it would have said so." 7 N.Y.S.2d at 172. This observation is pertinent in all respects to the situation presented by your inquiry and supports the conclusion that the acting president may indeed vote twice in the case of a tie.
Another case supporting this conclusion is Markham v.Simpson, 175 N.C. 135, 95 S.E. 106 (1918). In this case, the Supreme Court of North Carolina concluded that it was proper for the chairman of the board of aldermen to vote twice where his first vote created a tie in the selection of a mayor. The Supreme Court of Michigan reached a similar conclusion inWhitney v. Common Council of Village of Hudson, 69 Mich. 189,37 N.W. 184 (1888), construing a city's charter which gave each member a vote and in the case of a tie the president was to give the casting vote. The Michigan Court determined that "[t]his makes the president a voter upon every question, and, in case of tie, he has an additional vote." 37 N.W. at 188.
It is the opinion of this office that an alderman of a fourth class city in the State of Missouri, serving as acting president of the board of aldermen in the absence of the mayor, may vote one time in his position as alderman and a second time in his position as mayor pro tem when there is a tie vote, which tie vote was caused by his vote as an alderman.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General