In the Matter of CLIFTON F. RIVETTE, Appellant, against JOHN L. BAKER et al., Constituting the Town Board of the Town of East Greenbush, Respondents.

Third Department, November 11, 1942.

*John F. & Robert T. Murray* for appellant.

*Ernest L. Boothby* for respondents.

SCHENCK, J. This is an appeal from an order of the Special Term denying petitioner's application for a peremptory order of mandamus compelling the respondents as Town Board of East Greenbush to appoint a Fire Commissioner to fill a vacancy. The facts do not appear to be disputed.

One Willard Bruen was elected a Fire District Commissioner at the annual election in December, 1939. He did not, however, comply with subdivision 5 of section 174 of the Town Law (Cons. Laws, ch. 62) which requires, in substance, that he take and file his constitutional oath of office before entering upon his duties. Bruen apparently illegally held office until October 1, 1941, when the Board of Fire District Commissioners, having declared a vacancy to exist in the office purportedly held by him, appointed Mary Hertzel to fill such vacancy.

Subdivision 3 of section 176 of the Town Law, effective April 11, 1940, provides: "Whenever a vacancy shall occur or exist in any fire district office, the board of fire commissioners of such district, or a majority of the members thereof in office may appoint a qualified person to fill the vacancy. If a vacancy in the office of fire district commissioner be not filled within thirty days from the date when such office became vacant, the town board of the town in which such district is located * * * shall appoint a qualified person to fill the vacancy."

The question immediately arising in connection with this point is whether or not the Board of Fire District Commissioners had power to make the aforesaid appointment. It would seem clear that they did not have that power. The office in question was vacant on January 1, 1940, when no duly qualified and elected person filled it pursuant to the requirements of the Town Law as to oath of office. At that time presumably the Fire District Board could have appointed a person to fill the vacancy. In the meantime, however, and while the vacancy still

existed, the above quoted section of the Town Law became effective. Again presumably, the Fire District Board in accordance therewith could have filled the vacancy within thirty days from April 11, 1940, but that question need not be decided here. It is clear that at the time of the appointment of Mary Hertzel there had been a vacancy in existence for over thirty days and the attempt of the Fire District Board to fill it was in direct violation of the Town Law, and efforts in that respect resulted only in nullity.

Accordingly, a legal vacancy in the position in question exists and a proceeding to fill the same may be taken. The next point to consider is whether or not the proper procedure has been adopted here. This is a taxpayer's application for an order of mandamus. It is argued that the proper proceeding should be quo warranto. I do not agree with this argument. Quo warranto lies only where there is a dispute of facts. (See *Matter of Lenc* v. *Zicha*, 223 App. Div. 158.)

The only dispute here is as to legal interpretation of agreed facts. There being a vacancy in the office in question, and the respondents being the proper persons under the Town Law to fill such vacancy, petitioner has adopted the proper remedy to compel the filling thereof.

The only remaining question is as to whether or not Mary Hertzel should have been made a party to the present proceeding. I think she was properly omitted as a party respondent. The peremptory mandamus order can be directed only to the Town Board and the members thereof. There being no facts to be determined which would necessitate a quo warranto proceeding to test her right to the office, and it being now determined that her appointment was illegal and that the position which she purports to hold is vacant as a matter of law, there can be no basis for her appearance as a party.

The order should be reversed on the law and application for peremptory order of mandamus granted.

BLISS, J. (dissenting). I dissent and vote to affirm on the authority of *People ex rel. Dolan* v. *Lane* (55 N. Y. 217). Mary Hertzel is now actually filling the office. It is contended that her only claim to the office is an invalid appointment by the Board of Fire Commissioners, but Mary Hertzel is not a party to this proceeding and has not had an opportunity to be heard. The respondents apparently believe that the office is now filled because they refuse to appoint some one else to it. If there is a serious question as to the title to the office it ought not to be

decided against a party in possession in a proceeding in which he has no opportunity to be heard. Mandamus is not the proper remedy in such a case. (*People ex rel. Dolan* v. *Lane, supra.*)

HILL, P. J., CRAPSER and FOSTER, JJ., concur with SCHENCK, J.; BLISS, J., dissents in a memorandum.

Order reversed on the law and application for peremptory mandamus granted. (See 265 App. Div. 894.)