In the Matter of A. PAGE SMITH, as Acting District Attorney of Hamilton County, Respondent, against DENNIS DILLON, Hamilton County Judge, et al., Appellants.

Third Department, November 10, 1943.

*George N. Ostrander,* attorney for appellants.

*Walter J. Hogan,* attorney for respondent.

HEFFERNAN, J. At the general election held in the month of November, 1941, James D. Curry was elected District Attorney of Hamilton County. He duly qualified as such and entered upon the duties of his office on January 1, 1942.

By chapter 665 of the Laws of 1911 the District Attorney is authorized to appoint an assistant who must be an attorney at law and a resident of Hamilton County or an adjoining county.

On October 22, 1942, Mr. Curry by an instrument in writing under his hand and seal duly appointed petitioner, A. Page Smith, a resident of the adjoining county of Fulton, as Assistant District Attorney and such appointment was duly filed in the office of the clerk of the county of Hamilton. Subsequently and on or about October 31, 1942, petitioner duly qualified as such Assistant District Attorney and filed in the office of the clerk of Hamilton county the constitutional oath of office and a bond as required by law.

On or about November 27, 1942, Mr. Curry entered the military service of the United States and since that time has been continuously engaged in such service.

Section 203-a of the County Law as added by chapter 285 of the Laws of 1942 (repealed by L. 1943, ch. 26; present provisions incorporated in § 105-e of the New York State War Emergency Act) so far as material here provides that when the duly elected District Attorney of any county shall enter the military or naval service of the United States at a time when there is an existing state of war between this country and any other country, his office shall not be deemèd vacant. In counties where there is one or more Assistant District Attorneys the first assistant shall become the Acting District Attorney for the residue of the term or until the District Attorney shall return from service. It is further provided that in counties where there is no Assistant District Attorney the County Judge may appoint a Special District Attorney to act in the place and stead of the District Attorney during the period when the District Attorney is absent in the military or naval service.

By an instrument in writing dated November 27, 1942, and filed in the Hamilton County clerk's office on December 3rd following in which it is recited that there was no Assistant District Attorney in Hamilton County the County Judge of Hamilton County attempted to appoint the appellant, Guy Ste. Marie, a special assistant district attorney of that county. Thereafter Mr. Ste. Marie attempted to qualify as such.

Petitioner thereupon instituted this proceeding pursuant to article 78 of the Civil Practice Act for an order in the nature of mandamus to annul the attempted appointment of Mr. Ste. Marie and to restrain him from performing or attempting to perform any of the duties of District Attorney. The court at Special Term granted petitioner the relief prayed for and that order is the subject of our review.

Appellants are seeking a reversal of the order appealed from on the grounds that petitioner's only remedy is an action in the nature of quo warranto; that the County Judge has the exclusive right to make the appointment; and that petitioner is ineligible to hold the office.

Quo warranto is a common-law remedy. Its origin is obscured by antiquity and little is known thereof save that the writ came into existence at some unascertained period early in the history of that system. The ancient writ of quo warranto was a high prerogative writ of right for the King against one who usurped, misused, or failed to exercise some office or

franchise. It is the remedy or proceeding by which the sovereign or State determines the legality of a claim which a party asserts to the use or exercise of an office or franchise and ousts the holder from its enjoyment if the claim is not well founded or if the right to enjoy the privilege has been forfeited or lost. (44 Am. Jur., Quo Warranto, §§ 2, 3.)

While mandamus is not an available remedy to try title to an office, the approved remedy for such purpose being a proceeding quo warranto, there are many rights pertaining to public office not involving an ultimate determination of the title thereto which fall within the remedial scope of mandamus. Mandamus will be granted in a proper case to compel admission or restoration to office, to procure the property or indicia of an office, or to enforce payment of the salaries or fees of an office. The authorities are in substantial agreement that a public officer wrongfully ousted from office can be restored thereto by mandamus and that one who has a clear legal title to a public office or a *prima facie* right thereto may be put into possession of the office by mandamus even though the title is disputed by another, at least where such disputant is not in office under color of title so as to be a *de facto* officer. (35 Am. Jur., Mandamus, §§ 225, 231.) Quo warranto is available only where the office in dispute is then held by another party under color of right. (*Matter of Allied Fruit & Extract Co., Inc.*, 243 App. Div. 52, 56.)

The question of who has the title to the office involved here turns upon the construction of the statutory provisions to which we have referred which are clear and unambiguous. There are no disputed questions of fact in this record. It seems clear to us that petitioner is entitled to maintain this proceeding. He was appointed to office by the District Attorney under a statute which clearly authorized such appointment. Subsequently the County Judge assumed to appoint another. There was no vacancy in the office when the County Judge attempted to make an appointment. His act therefore is clearly void. Petitioner's remedy is not an action in quo warranto for that will lie only where the party proceeded against is either a *de facto* or a *de jure* officer in possession of the office. In addition to that the writ only lies when the facts are in dispute; here no fact is disputed but a mere question of law. (*People ex rel. Kelly* v. *Common Council*, 77 N. Y. 503; *Matter of Lenc* v. *Zicha*, 223 App. Div. 158, affd. 250 N. Y. 541; *Matter of Rivette* v. *Baker*, 265 App. Div. 89.)

The appellant Ste. Marie is neither a *de facto* nor a *de jure* officer but merely a usurper or an intruder. It is well settled that one who has not even a colorable right to the office but is nothing more than a mere usurper cannot invoke the rule against mandamus to try title to office. (35 Am. Jur., Mandamus, § 225.)

The contention of appellants that petitioner is ineligible to hold the office in question is likewise without merit. At the time of his appointment petitioner was then, and we assume is yet, the City Judge of the City of Johnstown in Fulton County. We can see no incompatibility in these offices. The duties of the District Attorney of Hamilton County are confined to proceedings in that county. The duties of the City Judge of Johnstown relate solely to matters within that city. Even if it be assumed that the offices are incompatible petitioner vacated his office as City Judge upon his appointment and qualification as Assistant District Attorney. (*People ex rel. Ryan* v. *Green,* 58 N. Y. 295.)

It is a well-settled rule of the common law that a public officer cannot hold two incompatible offices at the same time. The rule is founded upon the plainest principles of public policy. It is embedded in the common law and has obtained from very early times. At common law and under constitutional and statutory prohibitions against the holding of incompatible offices, a person who accepts and qualifies for a second and incompatible office is generally held to vacate, or by implication resign, the first office, so that no judicial proceedings are necessary to determine the title. The successor may at once be elected or appointed. (42 Am. Jur., Public Officers, §§ 59, 78.)

The order appealed from should be affirmed, without costs.

All concur.

Order affirmed, without costs.