In the Matter of WILLIAM A. SCHLOBOHM et al., Appellants, against MUNICI-
PAL HOUSING AUTHORITY FOR THE CITY OF YONKERS et al., Respondents.—
Appeal by petitioners, in a proceeding in the nature of mandamus under article
78 of the Civil Practice Act, from an order which granted a cross motion of
respondents for the dismissal of the petition, dismissed the petition accordingly
and adjudged that the Mayor of the City of Yonkers had the sole power to
appoint members to the Municipal Housing Authority for the City of Yonkers.
Order reversed on the law, without costs, the cross motion of respondents denied,
and the petition for an order in the nature of mandamus granted, directing
respondents the Municipal Housing Authority for the City of Yonkers and
James W. Armstrong, J. Kendrick Noble and J. Clinton Hoggard, as members
of said Housing Authority, to permit petitioners to act and perform their duties
and exercise their rights as members of said Housing Authority, with $50 costs
and disbursements against said Housing Authority. While the Public Housing
Law (§ 30, subd. 2) provides for the appointment of members of the Municipal
Housing Authority by the "mayor", the word "mayor" as defined by the same
statute (§ 3, subd. 6) means the chief executive officer of the municipality.
The record before us shows that by the local laws of the City of Yonkers the
City Manager is the chief executive officer of the city. Accordingly, the City
Manager had the power of appointment and the petitioners, who claim by virtue
of his appointment are entitled to be recognized as members of the authority.
The facts are undisputed. The proper relief may be awarded in this proceed-
ing in the nature of mandamus, and quo warranto is not the sole remedy since
the statutes are not ambiguous, only a question of law is involved, and the right
of petitioners is clear. (*Matter of Smith* v. *Dillon,* 267 App. Div. 39; *People
ex rel. Howard* v. *Suprs. of Erie,* 42 App. Div. 510, affd. on opinion below 160
N. Y. 687.) Hagarty, Acting P. J., Carswell, Johnston, Aldrich and Nolan, JJ.,
concur.

JOSEPH R. PETRACCA, Respondent, v. CITY OF NEW YORK, Appellant, et al.,
Defendants.— In an action to recover damages for personal injuries sustained
by plaintiff, who slipped on a patch of ice on a sidewalk, judgment in favor
of plaintiff reversed on the law, and a new trial granted, with costs to appellants
to abide the event. The trial court having charged the jury, on request by
counsel for the appellant, City of New York, as to the circumstances under
which that defendant could be held liable, immediately thereafter refused, on
objection by plaintiff's attorney, to charge that the jury must return a verdict
for that defendant unless they should find that such circumstances existed at
the time and place of the accident. The refusal so to charge, which we consider
erroneous, destroyed the effect of the charge theretofore made, and left the jury
without adequate instruction on the question of liability. The court has con-
sidered the questions of fact and has determined that it would not grant a new
trial upon those questions, if it were not for the error alluded to. Lewis, P. J.,
Carswell, Johnston, Aldrich and Nolan, JJ., concur.

ANNE M. PORTER, Appellant, v. STANLEY PORTER, Respondent.— Order deny-
ing appellant's motion to modify a final decree of divorce by increasing the
amount awarded for her support, and for other relief, affirmed, without costs.
While the court has the power to modify or vary the decree in respect of the
amount of alimony awarded, upon the proof in this record such modification
is not warranted. Lewis, P. J., Carswell, Adel, Aldrich and Nolan, JJ., concur.