In the Matter of GEORGE ANSON, on Behalf of Himself and All Other Residents and Property Owners in the Incorporated Village of Island Park, Nassau County, Similarly Situated, Petitioner, against ALFRED STARR et al., Constituting the Board of Trustees of the Village of Island Park, et al., Respondents.

Supreme Court, Special Term, Nassau County, December 6, 1950.

*Jules B. St. Germain* for petitioner.

*James N. Fazio* for respondents.

COLDEN, J. Application, pursuant to article 78 of the Civil Practice Act, for an order requiring the board of trustees of the Village of Island Park to fill the vacancy existing in the office of Mayor of said village.

The facts are not disputed. On March 21, 1950, John C. Covert was duly elected Mayor of the Village of Island Park. On April 3, 1950, he appointed respondent Starr, one of the village trustees, as Acting Mayor. Thereafter, Mayor Covert became ill and resigned on November 2, 1950, or possibly earlier. On November 4, 1950, the four respondents who constitute the village board of trustees held a special meeting to fill the vacancy, pursuant to section 50 of the Village Law. This meeting was adjourned to November 8, 1950, at which time respondent Southard, who is not a member of the board of trustees, was nominated for the office of Mayor. The vote of the trustees was evenly divided, respondents McGan and Riehl voting against Southard and respondents Pugliese and Starr voting for him. Thereupon respondent Starr, claiming the right to vote again to break the tie, cast a second vote for Southard and declared him elected. The question here presented is whether respondent Starr had the right to cast two votes, one as trustee and one as Acting Mayor.

By a separate affirmative defense in their answer, respondents raise a preliminary question of procedure, claiming that petitioner's remedy is by quo warranto or by an action for a declaratory judgment, and not by a proceeding under article 78. There is no merit to this contention. Where the facts are not in dispute and a question of law alone is to be determined, it may be presented by a proceeding under article 78. (*Matter of Schlobohm* v. *Municipal Housing Authority*, 270 App. Div. 1022, affd. 297 N. Y. 911; *Matter of Sylvester* v. *Mescall*, 277 App. Div. 961; *Matter of Rivette* v. *Baker*, 265 App. Div. 89; *Matter of Smith* v. *Dillon*, 267 App. Div. 39.) We thus reach the question on the merits.

Section 88 of the Village Law provides in part as follows: " The mayor of the village shall preside at the meetings of the board of trustees, and may have a vote upon all matters and questions coming before the board and he shall vote in case of a tie, *however on all matters and questions, he shall vote only in his capacity as mayor of the village and his vote shall be considered as one vote.*" (Italics supplied.)

The portion of the above-quoted statute was added by chapter 280 of the Laws of 1947. In view of that amendment there can now be no doubt that the Mayor has but one vote. He need not always vote. He is obligated to vote only when there is a tie. In all other instances, he may vote or not as he pleases. But if he does vote, whether voluntary or by mandate, he has only one vote to cast.

The case of *People ex rel. Walsh* v. *Teller* (169 Misc. 342), was decided prior to the amendment of 1947 and therefore is not interpretative of the statute as it now stands.

Respondents finally argue that if this court decides that the Acting Mayor cannot vote twice, its decision will be futile since the Acting Mayor can, in any event, vote once and the board will continue to be deadlocked. We do not regard the situation herein as quite so hopeless. At the least, for the guidance of all concerned, there will be a judicial ruling as to the extent of the Acting Mayor's voting power. This may shed some light upon the legality of the board's action in increasing land assessments by 20%, a motion which also carried only by virtue of respondent Starr's casting two votes. In any event, if the deadlock continues, the Governor may, by proclamation, order a special election to fill the vacancy. Subdivision 5 of section 42 of the Public Officers Law provides: " 5. Whenever the authority to fill any vacancy is vested in a board and such board is unable to fill such vacancy in an elective office by reason of a tie vote, or such board neglects to fill such vacancy for any other reason, the governor may, in his discretion, make proclamation of a special election to fill the vacancy.''

Under all the circumstances, it seems quite proper to grant an order in the nature of a peremptory mandamus requiring the board of trustees to take appropriate action to fill the vacancy in the office of Mayor. (*Matter of Rivette* v. *Baker,* 265 App. Div. 89, 91, *supra.*)

Settle order on notice.