In the Matter of SEBASTIAN GIUNTA, Appellant, against CITY OF GLEN COVE et al., Respondents.— In a proceeding under article 78 of the Civil Practice Act, for reinstatement to the office of city marshal of the city of Glen Cove, and for payment of accrued salary, and for other relief, order denying the application without prejudice to a renewal reversed on the law and the facts, with $50 costs and disbursements, and the motion granted, without costs, to the extent of directing the respondents, members of the City Council, to fix appellant's salary, as required by section 61 of the Glen Cove City Charter (L. 1917, ch. 787, as amd.) and directing the respondent mayor to pass upon the sufficiency of any bond filed by appellant. In our opinion section 62 of the city charter was not repealed by the 1922 amendment to section 61 (L. 1922, ch. 443), and both sections are operative. Section 61 empowers the city judge to appoint a city marshal and requires that his compensation be fixed by the City Council. Section 62 empowers the council to appoint a city marshal and entitles the appointee to designated fees. Appellant, on December 27, 1951, was appointed for the term commencing January 1, 1952, by the City Judge, not the City Council. The appointment is valid and subsisting, inasmuch as the designated term commences with the term in which the Judge retained the appointing power. The council's resolution of January 1, 1952, is ineffective to nullify the aforesaid appointment made by the City Judge, but is effective to nullify the fixation of salary made by the former council on December 27, 1951. The resolution of January 1, 1952, does not apply to appellant's appointment: and he is entitled to have his salary fixed by the council, as required by section 61 of the charter. Appellant is entitled to have the respondent mayor approve any sufficient bond filed; and in the event there is disapproval, leave is hereby granted to apply at Special Term for examination and approval thereof, and the making of an appropriate order

on the facts. (See *Matter of Schlobohm v. Municipal Housing Authority for City of Yonkers,* 270 App. Div. 1022, affd. 297 N. Y. 911, and *Matter of Mapes v. Swezey,* 279 App. Div. 660.) Carswell, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur.