In the Matter of WILLIAM F. AHERN, Respondent, against BOARD OF SUPERVISORS OF THE COUNTY OF SUFFOLK, Appellants.

Second Department, April 20, 1959.

*Pierson R. Hildreth, County Attorney* (*Edward Le Vanda* and *Pierre G. Lundberg* of counsel), for appellants.

*George W. Percy, Jr.*, for respondent.

NOLAN, P. J. We are required to determine on this appeal whether the Special Term properly made an order "in the nature of mandamus" denying a motion by the Board of Supervisors of Suffolk County, the appellants herein, to dismiss the petition for such relief, declaring null and void a resolution of the appellants appointing one Arthur M. Weiss as a Commissioner of Elections in Suffolk County, ordering the appellants to rescind and cancel that appointment and to notify Mr. Weiss of its action, and directing the appellants to refrain and desist from appointing any person to the Board of Elections of Suffolk County as a Commissioner of Elections, unless such person shall be duly certified and recommended to the appellants by the "Chairman of the Democratic Party of Suffolk County" for such office.

The Board of Elections of Suffolk County consists of two Commissioners of Elections, appointed by the Board of Supervisors of Suffolk County (Election Law, § 30). Ordinarily, appointments to the Board of Elections are made only after, and in accordance with, recommendations by the chairman of the county committees of the two dominant political parties, pursuant to section 52 of the Election Law. Prior to December 31, 1958, when their terms expired, the board consisted of a Democratic commissioner, Andrew D. Havens, and a Republican commissioner, Everett McNab. Mr. McNab has been reappointed for a further term of four years. However, Mr. Havens, the Democratic incumbent, resigned on December 30, 1958, and no representative of the Democratic party was immediately appointed to fill the vacancy.

The appellants met January 2, 1959. The chairman of the Democratic County Committee of Suffolk County, Adrian F. Mason, certified and recommended himself as a qualified person for appointment to the vacancy. The appellants rejected a resolution proposing his appointment by unanimous vote and requested him to submit another name.

The next meeting of the appellants was on January 12, 1959. Mr. Mason did not recommend another person but resubmitted his own name. It was unanimously rejected. He was again, this time by resolution, requested to submit another name.

The appellants met again on January 26, 1959 and on February 16, 1959. On each occasion, Mr. Mason again submitted his own name, and it was unanimously rejected. At the meeting

of February 16, a resolution was presented to appellants by the Supervisor of the Town of Riverhead, a Democrat, appointing Mr. Weiss, an enrolled Democrat, to fill the vacancy. Mr. Weiss took the oath of office and assumed the duties of a Commissioner of Elections. Concededly, he was never recommended for the position by the chairman of the Democratic County Committee. This proceeding was then commenced. The title of the proceeding does not indicate that respondent seeks relief as a taxpayer, as he did in an action in which there are companion appeals (*Ahern* v. *McNab*, 7 A D 2d 546). However, he alleges in support of his application that he is a resident, a taxpayer and a voter in the County of Suffolk and an enrolled member of the Democratic party. The petition further alleges that Mr. Weiss, whom the appellants purported to appoint as a Commissioner of Elections has " presumed to take an oath of office and is attempting to usurp the rights, powers and duties of a Commissioner of Elections in and for the County of Suffolk." Respondent contends that the appellants have no right to appoint anyone to the Board of Elections of Suffolk County as the representative of the Democratic party, unless such person has been duly certified and recommended for such office by the chairman of the Democratic County Committee of Suffolk County.

The appellants assert that when Mr. Mason was on successive occasions presenting his own name to them he stated that he would not recommend anyone else for the office of Commissioner of Elections and would continue to present his own name until 1960 if necessary, that Mr. Mason has had full and reasonable time to recommend a person for appointment, but that " he failed and refused to do so, and announced that he would not do so ", and that he renounced, abandoned and relinquished all privilege or right to nominate or recommend a person for appointment to the office. These allegations, they assert, are admitted by the failure of respondent to serve a reply (Civ. Prac. Act, § 1292). Concededly no reply was served, but respondent seeks to excuse this neglect by stating that the answer was served shortly before the argument at Special Term. In view of the conclusion which we have reached, the failure to reply was of little, if any, significance. Whatever may have been its effect as an admission of allegations of fact, there was no admission of any of the conclusions of law pleaded and, in any event, we would be reluctant to determine the question presented on the basis of an inadvertent default.

We question, however, respondent's right to relief in the nature of mandamus in his individual capacity, or as a tax-

payer, a resident, or a voter. An order in the nature of mandamus issues only when it is established that some person has a clear legal right which he is entitled to enforce, and that a ministerial officer, whose duty it is to enforce the right or otherwise to act in furtherance thereof, has refused to perform his duty. It is used to enforce an administrative act positively required to be done by a provision of law. (*Matter of Walsh* v. *La Guardia,* 269 N. Y. 437.) It is difficult to perceive what legal interest this respondent has in the appointments of members of the Board of Elections, which would invest him with the right to compel the appellants to rescind a governmental act, which they have purported to perform according to law. If they exceeded their power in making the appointment, as the Special Term has held, respondent has suffered no special or private injury (cf. *McGovern Trucking Co.* v. *Moses,* 16 Misc 2d 72, 74, affd. 277 App. Div. 758). A proceeding in the nature of mandamus may not be used as a substitute for a taxpayer's action under section 51 of the General Municipal Law, and, in any event, the respondent does not state facts which would sustain a recovery in such an action. Respondent has not shown any danger of waste of public funds or peril to the public interests (cf. *Western New York Water Co.* v. *City of Buffalo,* 242 N. Y. 202, 206–207). In our opinion, Mr. Weiss, if not a *de jure* officer, is a Commissioner of Elections *de facto* (cf. *Matter of Bryce,* 1913 Atty. Gen. 616, 619; *Terhune* v. *Mayor, Aldermen & Commonalty of City of N. Y.,* 88 N. Y. 247), and the parties do not appear to be in disagreement as to his status as such. It is not alleged that if he continues to act as a Commissioner of Elections the Board of Elections will do any more than they are required to in the performance of the important public services which the law requires them to perform (cf. *Campbell* v. *City of New York,* 244 N. Y. 317, 328). Neither, in our opinion, has respondent shown a clear right to compel the appellants to annul their resolution because he is a resident, a voter and an enrolled member of the Democratic party in Suffolk County. It is, of course, conceded that the people of Suffolk County are entitled to a bipartisan Board of Elections, selected in the manner prescribed by statute (Election Law, § 36; *Matter of Kane* v. *Gaynor,* 144 App. Div. 196, 206, 207, affd. 202 N. Y. 615), and that ordinarily a citizen and an elector has a sufficient interest to make an application for an order in the nature of mandamus to compel the performance by a public officer of a public duty (*Matter of Daley* v. *Rice,* 129 N. Y. 449; *Matter of McCabe* v. *Voorhis,* 243 N. Y. 401, 411). It is not alleged in the petition, however, nor may

we assume, on the basis of the record presented, that there will not be equal representation of the two major political parties on the Board of Elections, or that, because of the appointment complained of, the board will not operate on a strictly bipartisan basis insofar as the law requires them to do so. If the appointment was illegal, it is because the chairman of the Democratic County Committee did not recommend it. It would seem that if anyone is authorized to complain on behalf of the political party which he represents, it is he, and we have no request for relief from him in this proceeding. If, as respondent asserts, Mr. Weiss has presumed to take an oath of office and is attempting to usurp the rights, powers and duties of a Commissioner of Elections, the Legislature has given to the Attorney-General the exclusive right to bring action in the public interest to oust him from that office (Civ. Prac. Act, § 1210). We do not believe, under the circumstances disclosed, that such relief may be afforded this respondent by way of an order under article 78 of the Civil Practice Act.

It has been frequently stated that one who has a clear legal title to an office or a prima facie right thereto as shown by a certificate of election, appointment, or other evidence of title, may be put in possession of the office by mandamus, even though the title is disputed by another, at least where such disputant is not in office with color of title so as to be a *de facto* officer (see Ann. 84 A. L. R. 1114, 1115; Ann. 136 A. L. R. 1340 and cases cited; *Matter of Felice* v. *Swezey,* 278 App. Div. 958; *Matter of Schlobohm* v. *Municipal Housing Auth. for City of Yonkers,* 270 App. Div. 1022; *Matter of Smith* v. *Dillon,* 267 App. Div. 39; *People ex rel. Howard* v. *Board of Supervisors of County of Erie,* 42 App. Div. 510, affd. 160 N. Y. 687). This is not, however, a proceeding brought to put someone into an office to which he is entitled. Its purpose is to oust from office one who has allegedly usurped the functions thereof, and it is brought by one who makes no claim to the office and without notice to the incumbent. In cases involving conflicting claims, it is the general rule that when the office is held by an actual incumbent, exercising its functions under claim and color of right so as to constitute him a *de facto* officer, mandamus is not the proper remedy (see Ann. 84 A. L. R. 1114, 1126 and cases cited; *People ex rel. Sulzer* v. *Sohmer,* 211 N. Y. 565; *People ex rel. McLaughlin* v. *Board of Police Comrs. of City of Yonkers,* 174 N. Y. 450, 463; *People ex rel. Wren* v. *Goetting,* 133 N. Y. 569; *Matter of Gardner,* 68 N. Y. 467; *Matter of Teeple* v. *McKeon,* 273 App. Div. 936), particularly if the title of the applicant for relief to the office is subject to reasonable

dispute as a matter of fact or of law (*People ex rel. Lewis* v. *Brush*, 146 N. Y. 60; *People ex rel. Dolan* v. *Lane*, 55 N. Y. 217; *Matter of Bailey* v. *Berry*, 240 App. Div. 771). We see no reason why a different policy should be adopted in a case in which the person seeking relief has not title or claim to the office in question. The appropriate remedy is by an action in the nature of quo warranto, in which the incumbent of the office can be heard in his own behalf on the disputed question (*People ex rel. Wren* v. *Goetting, supra*).

We have not determined, nor do we believe that we should determine on this record, the question whether a Board of Supervisors may appoint a person as Commissioner of Elections, without a certificate from the proper county chairman as is provided in section 52 of the Election Law, if the county chairman has refused to certify the name of any person to be appointed other than that of one whom the supervisors have in their discretion refused to appoint. That they may not do so appears to be indicated by our determination in *Matter of Kane* v. *Gaynor* (144 App. Div. 196, 206, 207, *supra*) and by the affirmance by the Court of Appeals on the concurring opinion of Mr. Justice Burr in this court. All that was actually decided in that case, however, was that mandamus would not lie to compel the appointment, under a similar statute, of a person certified and recommended for the office of Commissioner of Elections by the chairman of the Democratic County Committee of Kings County, and nothing different was decided in *Matter of Thomas* v. *Wells* (288 N. Y. 155). The question raised here was not presented in either proceeding and, of course, was not decided. We are presently in disagreement as to the answer which should be given if the question is to be decided. We are agreed, however, that it may be better decided after all the facts are presented and determined, and that there is sufficient evidence of disagreement to indicate that the determination of the facts should not be made on the record presented in this proceeding.

Finally, we believe that it is proper to consider the result that may ensue if the order appealed from is permitted to stand. Respondent has asserted, in an action which he has brought as a taxpayer to restrain the Board of Elections from functioning when there is only one commissioner in office, that the board has no right to perform any of its duties until a representative of the Democratic party is properly appointed as a Commissioner of Elections. If he is correct in that assertion, the revocation of the appointment of Mr. Weiss as commissioner may result in a complete breakdown of the public service performed

by the Board of Elections, and the consequent disfranchisement of the voters of Suffolk County. Mandamus is an extraordinary remedy, and its issuance is to a great extent discretionary. The courts are chary to issue it so as to cause disorder and confusion in public affairs, even though there may be a strict legal right. (*Matter of Andresen* v. *Rice,* 277 N. Y. 271.)

In our opinion, therefore, respondent's petition should have been dismissed as a matter of law or, in view of the nature of the legal questions presented and the factual situation disclosed, as a matter of discretion.

The order should be reversed on the law and the facts, without costs, and the proceeding should be dismissed, without costs.

KLEINFELD, J. (dissenting). It is settled that a Board of Supervisors cannot appoint as Commissioner of Elections a person not nominated by the county chairman of the appropriate political party (Election Law, §§ 30, 52; *Matter of Kane* v. *Gaynor,* 144 App. Div. 196, affd. 202 N. Y. 615 on concurring opinion of BURR, J.; *People ex rel. Woods* v. *Flynn,* 81 Misc. 279; *Matter of Haynes* v. *McGrath,* 16 Misc 2d 76, 79). Hence, the appointment of Mr. Weiss was illegal.

The facts in this proceeding are undisputed, and only a question of law is presented; moreover, as above noted, the question of law is not doubtful but well settled. Consequently, quo warranto is not the sole remedy, and a proceeding pursuant to article 78 of the Civil Practice Act will lie to void the illegal appointment (*Matter of Schlobohm* v. *Municipal Housing Auth. for City of Yonkers,* 270 App. Div. 1022, affd. 297 N. Y. 911; *Matter of Felice* v. *Swezey,* 278 App. Div. 958; *Matter of Sylvester* v. *Mescall,* 277 App. Div. 961; *Matter of Rivette* v. *Baker,* 265 App. Div. 89). Respondent, as a resident, a taxpayer, a voter and an enrolled Democrat, has status to bring this proceeding (*Matter of Rivette* v. *Baker, supra*; *People ex rel. Daley* v. *Rice,* 129 N. Y. 449; *Matter of McCabe* v. *Voorhis,* 243 N. Y. 401, 411; *Matter of Andresen* v. *Rice,* 277 N. Y. 271, 281) and it is not necessary that Mr. Weiss be joined as a party (*Matter of Rivette* v. *Baker, supra*). There is no substance to the contention that the voiding of the appointment of Mr. Weiss may result in a breakdown of the election machinery in Suffolk County and the disenfranchisement of its voters. A similar contention was made and was overruled in *Matter of Kane* v. *Gaynor* (144 App. Div. 196, 207, *supra*). Moreover, the appellants have conceded in their answer herein, and the records in the companion appeals clearly show, that the Board of

Elections was able to function normally under an order made by the Special Term before the vacancy was filled by the appointment of Mr. Weiss.

The order should be affirmed.

WENZEL and HALLINAN, JJ., concur with NOLAN, P. J.; KLEINFELD, J., dissents and votes to affirm, in opinion in which UGHETTA, J., concurs.

Order reversed on the law and the facts, without costs, and proceeding dismissed, without costs.