Gerald Nolan, J.
This proceeding is apparently brought on the theory that the respondent is, de facto, the Collector of Taxes of the Town of Carmel and although the petition does not allege that she has failed to perform any duty enjoined on a Town Collector of Taxes by law, it may be treated, in view of the relief applied for, as an application to compel her to vacate the office, which she now occupies as a de facto officer, which may be made pursuant to article 78 CPLR where there is no ambiguity in the statutory law invoked, and only a question of law is involved (Matter of Schlobohm v. Municipal Housing Auth., 270 App. Div. 1022, affd. 297 N. Y. 911; Matter of Smith v. Dillon, 267 App. Div. 39). Ordinarily the question of title to office is decided only in a direct proceeding brought against the incumbent for that purpose, but, as the petition alleges, that question was decided in a prior proceeding brought in this court by the respondent in which her title to the office of Collector was directly in issue, and in which it was held that as the result of her omission to file the undertaking required by section 25 of the Town Law within the time specified in section 30 (subd. 1, par. h) of the Public Officers Law the office of Collector became vacant, and that no judicial proceeding was necessary to bring about that result. Such being the case, it is her duty to vacate the office, account for the funds in her hands as Collector and to deliver her books and papers as required by law.
A judgment may be entered accordingly, directing respondent to make the payments of all amounts collected as provided in sections 904 and 940 of the Real Property Tax Law, to account to the County Treasurer as provided in section 936 of the same statute, and to deliver the books and records of her office to the Town Clerk as custodian of the town records (Town Law, § 30), such payments, accounting and delivery of records to be made not later than the first week in August, 1966.
Respondent’s counterclaim should be dismissed. By this counterclaim respondent seeks to compel payment of her salary as a de facto officer. If it be assumed that a proceeding pursuant to article 78 of the CPLR is proper as a means of recovering salary due and unpaid to a public officer, it is not available to respondent as a de facto officer, nor is relief available to her by way of action, except on proof of title de jure to the office to which the salary attaches (Dolan v. Mayor, 68 N. Y. 274, *429 279; Ginsberg v. City of Long Beach, 286 N. Y. 400; Matter of Hulbert v. Craig, 124 Misc. 273, affd. 213 App. Div. 865, affd. 241 N. Y. 525).
Under the circumstances it would not be equitable to allow costs to either party as against the other.