Mario Pittoui, J.
Petitioners, Samuel Ungar and Irving Rosenthal, apply for a judgment under article 78 of the CPLR against the City, of Long Beach, its present City Manager, and certain persons who were appointed to the Zoning Board of *555 Appeals of the City of Long Beach by the present City Manager.
On January 1, 1970, Peter Korn was appointed City Manager of Long Beach and held office until midnight, December 31,1971. Meanwhile, on October 31, 1971, the three-year terms of petitioners and others as members of the Zoning Board of Appeals of the city terminated. However, City Manager Korn delayed any reappointments or appointments of successors until December 30, 1971, at which time he reappointed petitioners for new three-year terms until October 31,1974. Petitioners were sworn and filed their oaths of office with the City Clerk of the city on December 30, 1971. However, in a letter dated February 16, 1972, the new City Manager, James I. Nagourney, wrote to petitioners stating that he refused to recognize their prior appointments to the zoning board and then appointed the other respondents in place of petitioners.
Now petitioners request a judgment commanding James I. Nagourney, present City Manager, to permit the petitioners to perform their duties and exercise their rights as members of the Zoning Board of Appeals and prohibiting the respondents appointed by the present City Manager from serving on that board on the ground that petitioners, not respondent appointees, are the legal members of the board.
Respondents, in turn, move to dismiss the petition on the grounds that the petition is insufficient to permit the relief sought, especially on the ground that an article 78 proceeding is inappropriate in this case; that the former City Manager, Peter Korn, did not have the right to make appointments in the last days of his term of a zoning board which would function during the time of the new administration; and that the new City Manager, James I. Nagourney, who officially assumed office on January 1,1972, had the power to refuse to recognize the petitioners’ appointments and to appoint his own Zoning Board of Appeals.
Respondents argue, first, that there is no authority to bring an article 78 proceeding because this is primarily a dispute between the previously appointed petitioners and the subsequently appointed respondents as to their right to hold the same public office; and that the remedy, if any, which petitioners should pursue is under section 63-b of the Executive Law, a proceeding in the nature of a quo warranto.
Section 63-b of the Executive Law may not give the requested relief. It states: “ The attorney-general may maintain an action * * * upon the complaint of a private person, against a person who usurps * * * or unlawfully holds * * * a public office * * * The attorney-general may set forth * * * in his discretion, the name of the person rightfully *556 entitled to the office.” As can be seen from the language, the Attorney-General may bring such an action; he is not required to do so. If, in his discretion, he refuses, petitioners could then be without relief.
True, courts generally held that the old quo warranto proceeding, now apparently included within section 63-b of the Executive Law, was the proper remedy when there was a question of fact in a dispute as to the rightful holder of a public office. On the other hand, courts have approved article 78 proceedings where there was no issue of fact, but only an issue of law concerning the right to appoint to or prohibit from a public office (Matter of Schlobohm v. Municipal Housing Auth. for City of Yonkers, 270 App. Div. 1022, affd. 297 N. Y. 911; Matter of Smith v. Dillon, 267 App. Div. 39; Matter of Rivette v. Baker, 265 App. Div. 89; Matter of Sylvester v. Mescall, 277 App. Div. 961; Matter of Brescia v. Mugridge, 52 Misc 2d 859, affd, 29 A D 2d 632 ; Matter of Oakley v. Longabardi, [Gerald Nolan, J.], 51 Misc 2d 427; Matter of Vescio v. City Manager of City of Yonkers, 69 Misc 2d 68; 23 Carmody-Wait 2d, New York Practice, § 145:133, p. 634). Here, the facts are undisputed; there is only a question of law; an article 78 proceeding is proper in this case.
Also, although CPLR 7803 specifically states the areas to which an article 78 applies, it has retained the old writs of mandamus and of prohibition (CPLR 7801). Here, in rather hastily drafted language, petitioners request a judgment prohibiting the present City Manager and-his appointees to the board from interfering with petitioners’ right to serve as members of the zoning board and from interfering with petitioners’ performance of their duties as such members on the ground that they, the petitioners, not respondents, are the legal members of the zoning board. Again, therefore, an article 78 proceeding is proper in this case.
Now I shall consider the contention that the outgoing City Manager lacked power to appoint petitioners for three-year terms and that the present City Manager had the power to remove petitioners and appoint the respondent members.
The prior City Manager, Peter Korn, had the power to appoint or reappoint members of the zoning board any time between the expiration of their prior terms, October 31, 1971, and the end of his term, December 31, 1971. That he chose to wait to near the end of his own term before he made the appointments pursuant to section 81 of the General City Law did not make his late appointments illegal so long as he appointed within his term. Whether he exercised his power soon after October 31, 1971, or just before December 31, 1971, is irrelevant. In fact, the term *557 of Ms appointees was for three years, from October 31,1971, until October 31,1974.
The contention is that the petitioners, thus appointed, could be removed by the new City Manager because section 11 of the Long Beach City Charter states that any officer appointed by the City Manager may be removed by the City Manager. However, the City Charter says that all officers appointed by the City Manager “ shall serve for an indefinite term except as otherwise provided by state law,” and that any officer appointed by the City Manager “ may be removed by the city manager except as otherwise provided by law ” (Long Beach City Charter, § 11; L. 1922, ch. 635; emphasis added). The otherwise provided by law is in the General City Law (§ 81, subd. 1), a State law, which specifically says: “The * * * city manager * * * may appoint a board of appeals * * * each to be appointed for three years.”
Bespondents cite the New York Attorney-General’s opinion rendered to the City of Syracuse on March 16, 1970 (1970 Atty. Gen. [Inf. Opns.] 83), as authority that section 81 of the General City Law is a special law and thus may be superseded by a local law of a city. Suffice it to say that, thereafter, on May 22, 1970, the Attorney-General gave a contrary opinion (1970 Atty. Gen. [Inf. Opns.] 123) to the City of Niagara Falls and held that a city ordinance could not supersede section 81 of the General City Law.
Be that as it may, section 81 is a general law; it applies to all cities of the State of New York under 1,000,000 population; it applies to a class within the entire State (Farrington v. Pinckney, 1 N Y 2d 74; McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 32; see N. Y. Const., art. IX, § 3, subd. [c], par. [1]).
Thus, the prior City Manager of Long Beach legally exercised his power to appoint petitioners, the petitioners are the legal members of the Zoning Board of Appeals and, on the papers submitted, petitioners are entitled to a judgment prohibiting the respondents from interfering with petitioners ’ holding and performing their duties of office.
The motion to dismiss is denied.
Bespondents may serve an answer within five days after service of a copy of the order to be entered hereon, if so advised.