Robert W. Tasker, Esq. Town Attorney, Southold
You have asked whether a member of the Board of Commissioners of the Fishers Island Ferry District (commissioners) may also serve as a member of the Board of the Town of Southold of which Fishers Island is a part. You note that by special act, the town elects a town justice who must reside on Fishers Island and who by virtue of that office serves as a member of the Southold Town Board (L 1977, ch 276). The question arises because at the November 1981 election, an incumbent commissioner was elected town justice for Fishers Island. Commissioners are elected by the residents of the district (L 1947, ch 699, § 5).
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
We know of no constitutional or statutory prohibition on holding the two offices in question. (Section 20[4] of the Town Law prohibits holding two elective town offices. Commissioners are not town officers [id., subd (5)].) The question then is whether membership on the two boards is inconsistent under the Ryan rule. We believe that the answer is yes.
The special act establishing the ferry district, chapter 699 of the Laws of 1947 as amended, contains a number of provisions giving the town board certain veto or supervisory powers over actions of the board of commissioners. For example:
 a. The town board may choose whether to acquire boats and equipment or to authorize the commissioners to do so (§ 3).
 b. The town board must approve the terms and conditions of any contract which the commissioners intend to let for a private entity to operate the ferry (L 1950, ch 82, § 1).
 c. The town board must approve the commissioners' appointments and removal of employees and the amount of their compensation (L 1947, ch 699, § 5[f]).
 d. The town board audits all claims against the ferry district, determines the amount of the commissioners' petty cash fund, and audits expenditures from the fund (id., § 6).
 e. Commissioners are reimbursed for their expenses. Expenses are reimbursed "after audit and approval by the town board" (L 1950, ch 82, § 2).
These examples are sufficient to establish that it is inevitable that there will be many occasions when the Fishers Island town justice as town board member would be passing upon his activities as a commissioner. We conclude that the offices are incompatible. (We note that a person who "qualifies for a second and incompatible office is generally held to vacate, or by implication resign, the first office". See Matter of Smithv Dillon, 267 App. Div. 39, 43 [3d Dept, 1943].)
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.