John B. Kane, Jr., Esq. Town Attorney, Clermont
You have asked whether a member of a town board may also serve as the deputy town superintendent of highways without compensation.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
We know of no constitutional or statutory prohibition on holding the two offices in question. (Section 20[4] of the Town Law prohibits holding two elective town offices. A deputy superintendent is an appointive office [id., § 32[2].) The question then is whether service in both positions is inconsistent under the Ryan rule. We believe the answer is yes.
A number of provisions of the Town Law and the Highway Law give the town board certain veto or supervisory powers over the actions of the town superintendent of highways or the deputy town superintendent of highways in the absence of the superintendent. For example:
 a. The town board may impose duties upon the superintendent in addition to those provided by law (Town Law, § 32[1]).
 b. The town board adopts the town budget, which includes the annual appropriation for town highway projects (id., §§ 107 and 109).
 c. The town board fixes the salaries of the superintendent and deputy superintendent of highways (id., §§ 27[1] and 32[2]).
 d. The town board must approve of individuals whom the town superintendent hires to repair and maintain town highways (Highway Law, § 140[4]).
 e. The town board must approve of the purchase of equipment by the superintendent for the construction or repair of town highways (id., § 142[1]).
 f. The town board must agree with the superintendent on the expenditure of funds for the improvement or repair of town highways (id., § 284).
These examples are sufficient to establish that it is inevitable that there will be many occasions when the deputy superintendent of highways as a town board member would be passing on the activities of his superior, the superintendent of highways, or on his own activities in the absence of the superintendent. We conclude that the offices are incompatible. (We note that a person who "qualifies for a second and incompatible office is generally held to vacate, or by implication resign, the first office." See, Matter of Smith v Dillon, 267 App. Div. 39,43 [3d Dept, 1943].)
That the deputy superintendent would not be compensated for his services does not affect the compatibility question. As a member of the town board, the deputy superintendent would still be passing on the activities of the superintendent and on his own activities.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.