Marvin P. Winsor, Esq. Town Attorney, Milford
You have asked whether a secretary/stenographer for a county probation department may also serve as as town justice in a town located in the same county as the probation department.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other of if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
We know of no constitutional or statutory prohibition on holding the two positions in question.* The question is whether employment in both positions is inconsistent under the Ryan rule. We believe that the answer is yes.
An examination of the duties performed by a county probation department (Executive Law, § 257[4]) and by a town justice in cases of probation (Criminal Procedure Law, Art 410) indicates that the duties of the positions in question are inconsistent. A secretary/stenographer for a county probation department is not only knowledgeable about the work of the department, but is intricately involved in the performance of its functions as well. These functions of the probation department, which include submitting to the courts reports on the progress of probationers (Executive Law, § 257[4]), bring the department into regular contact with the judicial branch of which the town courts are a part. Probation offices constantly work with judges. It would be unseemly for the secretary/stenographer to be working with probation-officer reports that were critical of fellow judges or with reports from fellow judges that were critical of probation officers. Even if arrangements were made to have another town justice handle cases involving probation, the continuing interrelationship between town courts and the county probation department results in an inevitable inconsistency in serving simultaneously as a probation-office employee and as a town justice. We conclude, therefore, that the positions are incompatible. (We note that a person who "qualifies for a second and incompatible office is generally held to vacate or by implication resign the first office". See Matter ofSmith v Dillon, 267 App. Div. 39, 43 [3d Dept, 1943].)
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
* We note that a town justice may not be employed as a peace officer (Town Law, § 31[4]). A probation officer is a peace officer (Criminal Procedure Law, § 2.10[23]).