John L. Gannon, Esq. General Counsel and Secretary Western Regional Off-track Betting Corporation
You have asked whether a member of the board of directors of a regional off-track betting corporation may continue to serve on the board after taking office as a member of a county legislature.
In absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
We know of no constitutional or statutory prohibition on holding the two offices in question. The question then is whether membership on the two boards is inconsistent under the Ryan rule. We believe that the answer is yes. Article VII-A of the Unconsolidated Laws, which established regional off-track betting corporations, contains a number of provisions which indicate that the interests of the off-track betting corporation and the county legislature are often inconsistent. For example:
 a. The county legislature is empowered to negotiate and enter into contracts for the benefit of the county (County Law, § 215[2]). The board of directors of the off-track betting corporation is authorized to negotiate and enter into contracts for the benefit of the corporation (Unconsolidated Laws, § 8114[7]).
 b. The county, whose corporate real and personal property is supervised and controlled by the county legislature (County Law, § 215[1]), may purchase, condemn or lease real or personal property in the name of the county for use by the corporation (Unconsolidated Laws, § 8116[1] and [2]).
 c. The county may lend or contract to lend money to the corporation. The terms and the amount of such a loan are to be determined by the county (id., § 8117[1]).
 d. The county may contribute or contract to contribute money or personal property to the corporation. The terms and amount of such contributions are to be determined by the county (ibid., subd [3]).
 e. A member of the board of directors of an off-track betting corporation serves in that office until the county legislature appoints a successor (id., § 8113[4]).
These examples are sufficient to establish that it is inevitable that there will be many occasions when an individual will be placed in the position of having simultaneously to represent the often competing interests of the off-track betting corporation and the county. (See also 1979 Op Atty Gen 227, where we said that a county legislature could not appoint one of its members to serve on the board of a regional off-track betting corporation.) We conclude that the offices are incompatible. (We note that a person who "qualifies for a second and incompatible office is generally held to vacate, or by implication resign, the first office". See Matter of Smith v Dillon, 267 App. Div. 39, 43 [3d Dept, 1943].)
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.