William D. Scully Town Attorney, Ontario
You have asked whether an incumbent member of the town board of assessment review may continue to serve after taking office as a member of the town council. Your town assessor originally raised the question with the State Board of Equalization and Assessment. Counsel for the Board and we agree to effect a transfer of the question so that we could reconsider 1972 Op Atty Gen [Inf] 135, in which we said that the two offices are not incompatibile. We conclude that our 1972 opinion was in error on this point.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatibile. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two obvious inconsistencies in holding the office of town councilman and member of the town's board of assessment review. First, the town board determines whether members of the board of assessment review are to be compensated and, if so, to fix the amount of compensation. This is one element of subordination — "being your own boss" — because one normally does not determine one's own compensation.* Second, members of the board of assessment review are appointed for five-year terms that are staggered (Real Property Tax Law, § 1524[1]). Your letter indicates that you have a five-member board, which means that an appointment must be made each year. This means that, whether the terms of town board members are two or four years, there would be at least one and as many as three occasions when the town board member would be participating in the choice of an appointee to the board of assessment review upon which the town board member would continue to sit.
Our 1972 opinion dealt with the question of whether a town board could appoint one of its members to the board of assessment review. This is normally contrary to the common law rule that an appointing body may not appoint one of its members to a public office (Wood v Town of Whitehall,120 Misc. 124 (Sup Ct, Washington Co), affd on opn below, 206 App. Div. 786
[3d Dept, 1923]). We made an exception to the rule on the basis of section 1524(1) of the Real Property Tax Law, which provides that a majority of a town board of assessment review must be "members who are not officers or employees of the local government." We read that as a statutory authorization to appoint a town board member as one of the "minority" and, therefore, as an exception to the Whitehall rule. We now consider that a misreading of the intent of the provision. We think that the provision means only that a town board is not prohibited from appointing a town officer or employee to the board; we do not think that the Legislature intended by implication to make an exception to theWhitehall rule. (Compare, Town Law, § 64[5], which specifically states that a member of the town board may be appointed to fill a vacancy "provided that he shall have resigned prior to such appointment.".)
We conclude that a person may not serve simultaneously as a member of the town board and as a member of the board of assessment review. (We note that a person who "qualifies for a second and incompatible office is generally held to vacate, or by implication resign, the first office". See Matter of Smith v Dillon, 267 App. Div. 39, 43 [3d Dept, 1943].)
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
* We are aware that the town board fixes the amount of their own compensation (Town Law, § 27[1]), but there are restrictions on this power designed to protect the rights of their "bosses", the voters (ibid.).