By the Court,

Bronson, J.
The information is for exercising the office of constable without any legal election, warrant or authority since the annual town meeting in March, 1836. Town officers hold for one yeai and until others are chosen or appointed in their places and have qualified (2 R. S. 347. § 30). The defendant makes title by alleging that he was chosen a constable in March, 1835, and that no other person has since been chosen or appointed and qualified in his place. On that ground he claims the right to hold over after the expiration of the year for which he was elected. In the second replication, the attorney general answers that at the annual town meeting in March, 1836, two persons, Sterns and Butler, were severally duly-elected constables of the town for the then ensuing year, and they severally duly qualified, by taking the oath of office and giving security according to law. This presents the question, whether all of the three constables elected in 1835 are not ousted, although only two were elected in 1836. I think they are. Where there are several town officers of the same kind as constables, assessors, commissioners of highways, &c., if the electors at their annual meeting choose one or more officers of the particular class, although less than the whole number authorized by law, all the incumbents of the office for the previous year are superseded. If all are not superseded, none of them are; for it is impossible to say whose place in particular the person newly elected is to take. The consequence may be, that when the number *50 of officers, as in this case, is limited to three, there may in fact be five persons exercising the office at the same time.
It is said that both Sterns and Butler as well as the defendant may have been constables in 1835, and then if Sterns and Butler only were chosen in 1836, it may be true, as the plea alleges, that no one was chosen in the defendant’s place. This argument supposes that Sterns was elected in his own place and Btitler in Lis; and thus the defendant’s place was left untouched. But I think neither of them was chosen in his own place, or the place of any other person in particular, but, was simply chosen to the office. Except in the case of justices of the peace, the electors can only choose an in-[84] dividual to a designated office; they have no legal means of deciding whose place he shall take. If all three of the individuals mentioned were in fact constables in 1835, the electors have not said whose places the two persons re-elected shall occupy, nor do I perceive how it can follow as a conclusion of law that each is to take his own place. He simply takes the office of constable; and I think the legal consequence is, that the right of all who held during the preceding year is at an end. If the electors have only chosen two, when there should be three constables, the justices may appoint another (§ 31).
The first replication goes further than the one which has been considered. It alleges, in substance, not only that Sterns and Butler were duly elected and qualified in 1836, but that the proper officers canvassed the votes, entered in the minutes, and publicly read to the meeting according to the statute that the defendant was also elected a bonstable, of which he had notice (§7, 8, 9); that he thereupon took the oath and gave bail pursuant to lavy, and has ever since held under color and pretence of the said alleged election, but without any legal authority, &c. The defendant, then, as well as two others, was by the proper officers declared duly elected to the office of constable in March, 1836. He had a complete title for the then ensuing year, which could not be questioned in any possible form, except by quo warranto. The town had not neglected to choose one of the three constables in such a sense as would warrant the justices in making an appointment. The defendant’s title was perfect until he should be ousted by judgment. He entered and held under that election. Although not absolutely conclusive for all purposes, it was, I think, sufficient to determine his right to hold over under the election of 1835.
I do not put the case upon the ground that the defendant, by claiming under the election in 1836, has precluded himself from setting up any other title: but on the ground that all of the three constables elected in 1835 have held their offices for one year, and until others were chosen in their places. (§ 30). After having been declared duly elected by the proper officers [85] in 1836, the defendant had no choice but to accept or forfeit the office. His neglect for eight days to take the oath and give security would be deemed a refusal to serve, and another person might have been appointed to fill the vacancy (§24, 36). No individual or public officer was at liberty to deny the legality of the election. As it was conclusive upon others, it was conclusive also on the defendant. It would lead to many evil consequences, if the person chosen or any one else was either required or permited to go beyond the fact that the proper public officers have canvassed the votes, ascertained and declared the result in the forms prescribed by law. There is indeed one way in w’hich the legality of the proceedings may be overhauled bjr quo warranto; but that does not touch the question, whether the election must not be deemed valid for every other purpose.
Judgment for the people.