THE PEOPLE OF THE STATE OF NEW YORK ex rel.
JEPTHA W. BABCOCK and others, Respondents, v. JOHN
T. MURRAY, THOMAS CLEMENT and OLIVER C.
WRIGHT, Appellants.

*Quo warranto — Commissioners of excise — Several persons, claiming to constitute a
board, united as relators.*

In an action by the people on the relation of three persons, claiming to constitute
a board of excise, against three others whom they allege have usurped the said
office, it is not necessary to allege or prove that any one of the relators is enti-
tled to the office occupied or claimed by any one of the defendants; the object
of such action is to determine which set of persons lawfully compose or is
entitled to compo e the board of excise.

Appeal from a judgment in favor of the plaintiff, entered upon
the trial of this action by the court without a jury.

This is an action of *quo warranto*, the relators alleging that they
had been duly appointed commissioners of excise of the city of
Lockport, and that the defendants have unlawfully usurped the
same. The action has already been before the General Term, the
decision being reported in 12 S. C. N. Y. (5 Hun), at page 42.

*Geo. C. Greene*, for the appellants.

*Holmes, Fitts & Chipman*, for the respondent.

E. Darwin Smith, J. :

When this case was before us on a former occasion, we held that
the relators were legally appointed commissioners of excise, etc.,
and see no reason for reconsidering that question. The decision
then made appears to have been properly followed at the circuit on
the retrial of the cause, and we must affirm the judgment there
rendered unless there are some new questions not previously con-
sidered, which require us to come to another conclusion. ( *Vide*
S. C., 12 S. C. N. Y. [5 Hun], 42.)

At the close of the plaintiffs' case, it appears that a motion for a
nonsuit was made, among others, upon the ground that it is not
alleged or proved that either plaintiff is entitled to the office occu-

pied or claimed by any one of the defendants. That no one of the relators claims, specifically, the office of either defendant. That several claimants of several and distinct offices cannot unite in, and maintain an action as plaintiffs against several other claimants of such several distinct offices. The motion for a nonsuit was denied, and the point thus presented for the first time in the progress of the cause, that several causes of action had been improperly united, was overruled, upon the ground that the question not having been raised by demurrer or answer was therefore waived, under sections 144, 147 and 148 of the Code.

If the nonsuit were not properly denied so far as relates to this point, upon the ground stated by the Circuit judge, I think it was not a valid objection, *upon the merits*, to the proceeding in the action, upon the other ground that the action was in behalf of the people to try the title of the three relators to the office claimed and occupied by the defendants, each set composing or claiming the legal right to compose a board of excise for said city of Lockport.

The argument of the defendants' counsel, that neither of the relators was appointed in the place of any one of the defendants, shows that the judgment asked by the relators was a proper judgment in their favor, against all three of the defendants together, as usurping the said office as members of such board of excise.

The relators were all appointed in the same manner to compose a board of excise. Neither of them was appointed in the place of either of the defendants, and there could not for that reason have been a separate judgment for either relator, as against either of the defendants. The action was therefore properly brought in the name of the people, in behalf of the three relators, against the three defendants, to determine which set of these persons claiming title to the said office lawfully composed, or were entitled to compose a board of excise for said city.

The statute (chap. 175, Sess. Laws, 1870) directs the appointment of three persons at the same time, as a board of commissioners of excise, for each of the cities and villages of the State, to hold for three years. The term begins and ends at the same time, except in the case of a vacancy, and the officer in such case would hold till the end of the term only,

The principle asserted in the case of *The People* v. *Jones* (17 Wend., 81), and reaffirmed in the *Matter of the Union Insurance Co.* (22 id., 600), sustains the view that the office of the defendants all expired together, and that neither of them had any right to act as commissioner of excise after the appointment of the relators.

We think the proper judgment was rendered at the Circuit, and that the same should be affirmed.

Present — MULLIN, P. J. SMITH and TALCOTT, JJ.

Judgment affirmed with costs.