In the Matter of JOHN B. PANSMITH, on Behalf of Himself and All Other Residents and Property Owners in the Incorporated Village of Island Park, Similarly Situated, Petitioner, against FRANCIS J. WILLIAMS et al., Constituting the Board of Trustees of the Village of Island Park, et al., Respondents.

Supreme Court, Special Term, Nassau County, June 19, 1951.

*Jules B. St. Germain* for respondents.

*James N. Fazio* for petitioner.

HOOLEY, J. Application (1) to restrain the respondents, Alfred Riehl and Clarence E. Southard, from acting in the capacity of trustees of the Village of Island Park, and (2) further to restrain the respondent board of trustees from making any payments of any kind to all persons appointed by the said respondent board to fill village offices and (3) declaring that all matters voted upon by Alfred Riehl since April 2, 1951, be declared null and void.

The petitioner, John B. Pansmith, is a taxpayer and owner of property in the village of Island Park, Nassau County, and in his petition he sets forth that the questions which are the subject of this proceeding are of common and general interest to all property owners and residents of the village of Island Park. The petition sets forth that on or about March 20, 1951, at the annual village election in the village of Island Park, Albert Steiner and Thomas P. Donohue were tied for the office of trustee and, because of said tie, were not able to take the office of trustee, thereby creating a vacancy for one office of trustee. The petitioner further sets forth that at noon on April 2, 1951, the terms of two trustees, Alfred Riehl and Clarence E. Southard, expired. The petition then sets forth that on April 2, 1951, at the annual village meeting, the Mayor, Francis J. Williams, arbitrarily appointed Alfred Riehl to sit as the fifth member of the board of trustees and to act as a carry-over trustee until the vacancy created by the tie vote had been duly filled, and that said appointment was made over the strenuous objection of the other trustee, Clarence E. Southard. There is no allegation in the petition setting forth the reason that the board of trustees did not determine by lot

as provided in section 53 of the Village Law which of the two trustees with the tie vote should be deemed elected.

It is further alleged that the said Alfred Riehl was permitted to illegally vote on all appointments to fill village offices and that Clarence E. Southard continued to act as a carry-over trustee, claiming the right to fill the vacancy created by the tie vote, and he also continued to vote on all matters that came before the trustees. It is the claim of the petitioner, further, that Alfred Riehl and Clarence E. Southard are acting illegally as trustees and that the appointment of Alfred Riehl as the carry-over trustee by the Mayor of the village was done illegally and contrary to the provisions of the laws of the State of New York. Petitioner then asks that an order be made pursuant to article 78 of the Civil Practice Act for the relief hereinbefore mentioned.

The respondents urge that the petitioner should seek relief by way of quo warranto proceedings or possibly by an action for injunctive relief, or by way of a taxpayer's suit pursuant to section 51 of the General Municipal Law and they have cross-moved to dismiss the petition on the grounds that the court has no jurisdiction of the subject of this proceeding and the petition does not state facts sufficient to entitle petitioner to the relief asked or to any relief.

However, the facts herein are not in dispute and it is well settled that in such event it is not necessary to institute a quo warranto proceeding but relief may be obtained by an article 78 proceeding in the nature of mandamus. (*Matter of Felice* v. *Swezey,* 278 App. Div. 958; *Matter of Schlobohm* v. *Municipal Housing Authority for City of Yonkers,* 270 App. Div. 1022, affd. 297 N. Y. 911; *Matter of Sylvester* v. *Mescall,* 277 App. Div. 961; *Matter of Rivette* v. *Baker,* 265 App. Div. 89; *Matter of Smith* v. *Dillon,* 267 App. Div. 39; 55 C. J. S., Mandamus, § 201, subd. c, p. 390.)

The petitioner urges that the Mayor herein had no right or authority to appoint one out of two trustees to act as a hold-over trustee, where there is one vacancy, and that accordingly his action was arbitrary and a legal nullity.

Section 5 of the Public Officers Law, which apparently is the basis for the action of the Mayor herein, provides as follows: " *Holding over after expiration of term.* Every officer except a judicial officer, a notary public, a commissioner of deeds and an officer whose term is fixed by the constitution, having duly entered on the duties of his office, shall, unless the office shall

terminate or be abolished, hold over and continue to discharge the duties of his office, after the expiration of the term for which he shall have been chosen, until his successor shall be chosen and qualified; but after the expiration of such term, the office shall be deemed vacant for the purpose of choosing his successor. An officer so holding over for one or more entire terms, shall, for the purpose of choosing his successor, be regarded as having been newly chosen for such terms. An appointment for a term shortened by reason of a predecessor holding over, shall be for the residue of the term only."

That section, however, in no way provides for a Mayor to appoint, select, choose or recognize one trustee out of two trustees to hold over and thereby fill a vacancy in the office of trustee. It is well settled that in the case of an office, such as trustee, in which the terms of two incumbents expire at the same time, that no one is in a position to determine which one of the trustees is entitled to hold over. The case of *People ex rel. Platner* v. *Jones* (17 Wend. 81) is the leading case on this proposition. There the defendant alleged that he had been appointed in 1835 for a period of one year, and that no other person had since been chosen, appointed or qualified in his place. On that ground he claimed the right to hold over after the expiration of the year for which he was elected. The facts further show that in 1836, two constables (Sterns and Butler) were severally duly elected and qualified. The question presented was whether or not all three constables elected in the year 1835 were not ousted, although only two constables had been elected in 1836. The court held that all three incumbents for the previous year were ousted. At pages 83–84 of said decision, the court stated as follows:

" Where there are several town officers of the same kind as constables, assessors, commissioners of highways, &c., if the electors at their annual meeting choose one or more officers of a particular class, although less than the whole number authorized by law, all the incumbents for the previous year are superseded. If all are not superseded, none of them are; for it is impossible to say whose place in particular the person newly elected is to take. The consequence may be, that when the number of officers, as in this case, is limited to three, there may in fact be five persons exercising the office at the same time.

" It is said that both *Sterns* and *Butler* as well as the defendant may have been constables in 1835, and then if Sterns and Butler only were chosen in 1836, it may be true, as the plea

alleges, that no one was chosen in the defendant's place. This argument supposes that *Sterns* was elected in his own place and *Butler* in his; and thus the defendant's place was left untouched. But I think that neither of them was chosen in his own place, or the place of any other person in particular, but, was simply chosen to the office. Except in the case of justices of the peace, the electors can only choose an individual to a designated office; they have no legal means of deciding whose place he shall take. If all three of the individuals mentioned were in fact constables in 1835, the electors have not said whose places the two persons re-elected shall occupy, nor do I perceive how it can follow as a conclusion of law that each is to take his own place. He simply takes the office of constable; and I think the legal consequence is, that the right of all who held during the preceding year is at an end. If the electors have only chosen two, when there should be three constables, the justices may appoint another ''.

The statute involved in that case was quite similar to section 5 of the Public Officers Law.

See to same effect, *Matter of Union Ins. Co.* (22 Wend. 591), which reiterates the holding in *People ex rel. Platner* v. *Jones* (*supra*).

Following the reasoning in the above case, it appears that the petition is sufficient in law. Therefore, the cross motion to dismiss the petition is denied. Inasmuch as the respondents have requested leave to file an answer, leave is granted to serve an answer within ten days from the service of a copy of the order to be entered hereon with notice of entry.

Settle order on notice.