REPUBLICAN COMMITTEE OF GARWOOD, AN UNINCOR-PORATED POLITICAL ASSOCIATION BY ITS CHAIRPER-SON DORIS MANN, AND DORIS MANN, INDIVIDUALLY AND AS REPUBLICAN COUNCILWOMAN OF THE BOR-OUGH OF GARWOOD; REPUBLICAN CLUB OF GAR-WOOD, AN UNINCORPORATED POLITICAL ASSOCIA-TION, BY ITS PRESIDENT, WALTER MASZCZAK, AND WALTER MASZCZAK, INDIVIDUALLY; AND CHARLES HORBACZ, INDIVIDUALLY AND AS REPUBLICAN MAYOR OF THE BOROUGH OF GARWOOD, PLAINTIFFS, v. MAYOR AND COUNCIL OF THE BOROUGH OF GAR-WOOD, A MUNICIPAL CORPORATION OF NEW JER-SEY, AND ROBERT F. RENAUD, INDIVIDUALLY AND AS AN ALLEGED COUNCILMAN OF THE BOROUGH OF GARWOOD, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided March 23, 1976.

*Mr. Robert C. Doherty,* attorney for plaintiffs.

*Mr. Robert L. Sheldon,* attorney for defendants.

Di Buono, A. J. S. C. In November 1975 an election was held for two at-large positions on the Garwood Borough Council. Two of the four candidates were incumbents, one from the Democratic Party and one from the Republican Party. Two challengers, one from each party, also ran for these positions.

Upon counting the votes cast it was determined that the Democratic incumbent received the highest number of votes, while the Republican incumbent (Jones) and the Democratic challenger (Renaud) tied for second place. The county clerk then issued a statement declaring that, because of the tie vote, a vacancy existed.

On January 13, 1976, at the annual reorganizational meeting of the borough council, Jones was requested to remain as a holdover pending action by that body in regard to the

appointment of his successor. At the next regularly scheduled meeting of the borough council on January 27, 1976 the council adopted a resolution appointing Renaud to fill the vacancy which then existed.

On January 30, 1976 the Republican Committee of Garwood and several individual citizens and taxpayers of that borough joined as plaintiffs and filed an action in lieu of prerogative writs against the borough council and Renaud individually. The first count of the complaint alleged that the borough council violated the Municipal Governing Body Vacancy Law, *N. J. S. A.* 40:45B-1 *et seq.* (*L.* 1975, *c.* 213), by appointing a Democrat to fill the vacancy in the office of councilman, and sought temporary restraints as well as final judgment ousting Renaud from office, and such other relief as the court deemed proper.

In the second count plaintiffs alleged that the failure of the borough council to publish an agenda of the meeting at which the appointment was made violated the Open Public Meetings Act, *N. J. S. A.* 10:4-6 *et seq.* (*L.* 1975, *c.* 231), and that said violation constituted a separate grounds for voiding the actions of the borough council.

The court issued temporary restraints enjoining Renaud from exercising any duties or receiving any salary for the office of councilman. On February 4, 1976 an application by defendants to lift the restraints was denied. Subsequently, plaintiffs moved for summary judgment on the return date of the order to show cause.

The Municipal Governing Body Vacancy Law, *supra,* provides the procedure to be followed in the filling of vacancies which occur in offices on the municipal level. *N. J. S. A.* 40:45B-6 sets forth a number of conditions under which an office shall be deemed vacant. This statute explicitly incorporates the provisions of *N. J. S. A.* 19:3-25 as one of those conditions. The latter statute, in pertinent part, provides as follows:

> When an equal number of votes shall have been given to two or more persons to fill any office for which they shall by law be qualified, the office shall be deemed to be vacant.

It is apparent that in the factual situation presently before the court, a vacancy within the scope of the Municipal Governing Body Vacancy Law now exists.

*N. J. S. A.* 40:45B-2 (b) provides:

> If the vacancy occurs prior to September 1 preceding the general election in any year other than the last year of the term of the member whose office has become vacant, the vacancy shall be filled for the unexpired term at the next ensuing general election. The governing body by a vote of the majority of its whole membership may fill the vacancy temporarily by appointment until the election and qualification of a successor.

However, *N. J. S. A.* 40:45B-3 qualifies this power of appointment by requiring that "if the previous incumbent had been elected to office as the nominee of a political party, the person so appointed shall be of the same political party * * *." Plaintiffs specifically contend that the appointment of Renaud, a Democrat, violates this provision.

Defendants have answered plaintiffs' complaint by asserting that this limitation is inapplicable to this case, and have advanced two theories in support of this contention. Their first contention is that Jones' status as a "holdover" in office at the time of his replacement by Renaud requires a finding that the borough council appointed a replacement for an incumbent who was not elected to office. Defendants further contend that since the terms of two councilmen, each elected at-large, expired simultaneously, it is impossible to determine which office belonged to each incumbent; and that since it is impossible to establish the particular office which is vacant, it is impossible to identify who was the previous incumbent of that office. Each of these contentions shall be examined in turn.

Defendants' initial contention is premised on the assumption that Jones, in occupying the office of councilman

as a holdover during the interim period between the expiration of his term of office and the appointment of his successor, was not an elected official, as that term is used in *N. J. S. A.* 40:45B–3. An incumbent is a person who is in present possession of an office — one who is legally authorized to discharge the duties of an office. *Black's Law Dictionary* (rev. 4 ed., 1968), 908. Jones was clearly in possession of the office of councilman at the time that the borough council attempted to appoint Renaud. His authority to occupy that office is found in *N. J. S. A.* 40:87–9, which provides in pertinent part:

> The councilmen shall hold office for three years and until their successors shall have qualified.

Thus, Jones' term of office expired on December 31, 1976 and since no one then was possessed of a documentary title to that office, a vacancy in the statutory sense existed. *Kuberski v. Haussermann,* 113 *N. J. L.* 162, 166 (Sup. Ct. 1934). However, Jones' tenure in office, a concept clearly distinguishable from his term of office, continued automatically into the succeeding term of office. *Monte v. Milat,* 17 *N. J. Super.* 260, 266 (Law Div. 1952). Moreover, it is significant to note that *N. J. S. A.* 40:45B–1 *et seq.* contains no provision delegating to a local government the authority to allow an official holdover; rather, Jones' right to occupy the office of councilman beyond the expiration of his term of office is derived solely from *N. J. S. A.* 40:87–9.

It is undisputed that Jones initially acquired his office through the elective process; while his term of office had expired at the time of the attempted appointment of Renaud, he still remained in possession of that office and was legally authorized to discharge the duties relative thereto. It must be concluded that Jones was a "previous incumbent [who was] elected to office * * *," as that phrase is used in *N. J. S. A.* 40:45B–3. Furthermore, the actions of the borough council in requesting Jones to holdover in office are legally ir-

relevant. Cf. *Tibbs v. Boemi,* 109 *N. J. Super.* 200, 207 (App. Div.), aff'd 55 *N. J.* 531 (1970). That act was a mere formality, confirming Jones' pre-existing right to remain the incumbent in the office of councilman until such time as the borough council exercised its power to appoint a successor.

■ Defendants' second contention is premised upon the assumption that the Legislature intended *N. J. S. A.* 40:45B–3 to apply only to those situations where an individual can be specifically associated with a distinct position. It is an established rule that in the exposition of statutes the intention of the Legislature is to be derived from a view of the whole and every part of the statute, taken and compared together. The real intention, when ascertained, prevails. *Monte v. Milat, supra* 17 *N. J. Super.* at 266.

An examination of the Municipal Governing Body Vacancy Law, in its entirety, reveals an intention on the part of the Legislature to impose a uniform procedure for the filling of vacancies, insofar as possible. The scope of the statute is wide; it applies to all the various forms of municipal government enumerated in the Faulkner Act.

■ Turning to *N. J. S. A.* 40:45B–3, it is observed that the Legislature has made this limitation applicable to "every person appointed by the governing body." Here, also, the manifest intent of the Legislature in promulgating this section is to make the conditions therein set forth applicable to the filling of all vacancies. Defendant has supported his contention by formulating various hypothetical permutations of the election results which actually did occur. He has also referred the court to several New York decisions which deal with the question of the right to holdover in an office when there are more incumbents than there are vacancies. In that situation the courts have uniformly held that it is impossible to determine which person is the incumbent for the purpose of awarding the holdover position. See, *e. g., Pansmith v. Williams,* 201 *Misc.* 759, 106 *N. Y. S.* 2d 11 (Sup. Ct. 1951).

Should that situation arise, *i. e.,* where a challenger received the highest total of votes and the two incumbents who were seeking re-election tied for second place, the contentions of defendant would be well taken. However, those facts hypothesized by defendant are not those which are before the court today; the possible future occurrence of facts which would lead the court to determine that a statute exhibited a *casus omissus* cannot be the basis for a judicial determination which is contrary to the clear intent of the Legislature. See *Kuberski v. Haussermann, supra* 113 *N. J. L.* at 165. Defendants' contention in this regard, therefore, is also without merit.

Defendants' arguments having been rejected, the court finds that *N. J. S. A.* 40:45B–3 is applicable to the facts of this case and that the statute was violated by the borough council when it attempted to appoint Renaud, a Democrat, to an office whose previous incumbent was elected as a Republican. That appointment is hereby declared void. Since the operative effect of this decision is to find that there still remains a statutory vacancy in the office of councilman in the Borough of Garwood, it also follows that Jones, pursuant to *N. J. S. A.* 40:87–9, is presently entitled to occupy that office as a holdover.

Plaintiffs having prevailed on the first count of their complaint, the issue raised in the second count is now academic, and will not be given further consideration by the court.