CLIFFORD MAYS, JR. ET AL., PLAINTIFFS, v. THOMAS A. PENZA, ET AL., DEFENDANTS.

Superior Court of New Jersey
Law Division Atlantic County

Decided January 12, 1981.

*James A. Waldron* for plaintiffs (*Rubins & Waldron,* attorneys).

*Edward N. Fitzpatrick,* for defendant Penza (*Clapp & Eisenberg,* attorneys).

*Salvatore Perillo* Atlantic County Counsel for defendant Atlantic County.

*Noah Bronkesh* for defendant Atlantic County Democratic Party (*Sills, Beck, Cummis, Radin & Tischman*, attorneys).

STEEDLE, J. S. C.

Plaintiffs in the present action seek a determination that the nomination by the defendant Atlantic County Democratic Party officials of defendant Thomas Penza as a Democratic candidate for the unexpired term of an Egg Harbor City council seat based upon defendants' purported failure to comply with provisions of *N.J.S.A.* 19:27–11 and *N.J.S.A.* 19:13–20 is void.

The relevant facts in this case are largely uncontroverted. On or about August 22, 1980, incumbent Egg Harbor City councilman Donald Anderson, a Democrat, resigned his seat, the term of which expired on December 31, 1980. Since Mr. Anderson was a member of the Egg Harbor City "governing body" as defined by *N.J.S.A.* 40A:16–2(a), his resignation created a vacancy pursuant to the express provisions of *N.J.S.A.* 40A:16–3(f). Given the timing of the resignation with respect to the expiration of the term of office at issue, *N.J.S.A.* 40A:16–5(b) directs that such a vacancy shall be filled the next general election. Since the vacancy in the office at issue occurred subsequent to the 1980 New Jersey primary election, the Atlantic County Republican and Democratic parties nominated candidates for the vacant council seat pursuant to the authority afforded by *N.J.S.A.* 19:13–20.

Both of the candidates for the seat at issue were incumbent Republican Egg Harbor City councilmen occupying seats whose terms expired on December 31, 1980; both candidates had chosen not to stand for renomination in the 1980 primary elections for their respective seats. Given his availability, plaintiff Mays was apparently nominated as the Republican candidate for the unexpired term of the Egg Harbor City council seat. Similarly, on October 1, 1980, defendant Penza changed his party affiliation from Republican to Democrat; he was nominated as the Democratic candidate for the same seat, that

nomination being certified to the Atlantic County Clerk by Atlantic County Democratic Party Vice-Chairman Lincoln Green.

The gravaman of plaintiffs' complaint is two-fold. First, plaintiffs contend that the certification of candidacy filed by Vice-Chairman Green is not in compliance with the provisions of *N.J.S.A.* 19:27–11 and *N.J.S.A.* 19:13–20(d)(2) which provide that said filing is to be made by the county party chairman. Secondly, plaintiffs aver that the statement of candidate Penza which was filed in compliance with the mandates of *N.J.S.A.* 19:13–20(d) did not comply with the statutory requirement. It is uncontroverted that defendant Penza's statement did not contain language indicating "that he has not voted in a primary election of any other political party in the last two primary elections, or contributed to the campaign funds of any other political party within one year prior to the last primary election, ..." as specified by statute.

Initially in this litigation, plaintiffs sought to enjoin the candidacy of defendant Penza and further sought to have his name struck from the official ballot as published for the November 4, 1980 general election. On the return date of the order to show cause in this matter, defendants challenged the constitutionality of the subject statutes in this litigation under both the United States and the New Jersey Constitutions. Wishing to afford the electorate of Egg Harbor City a choice of viable candidates, this court denied the injunctive relief requested. In its order of October 28, 1980, 179 *N.J.Super.* 175, this Court did, however, direct that in the event defendant Penza was the successful candidate in the general election, his swearing in and assumption of office was stayed pending a full resolution of the merits in this action. Following a recount of ballots with respect to the subject council seat conducted pursuant to a related suit in this matter which has now been consolidated with the present action, it was determined that each of the two candidates received 707 votes for their respective candidacies; that result having been stipulated to by all parties.

Given the tie vote, defendants, on the morning scheduled for trial, moved to dismiss the present action as moot. Defendants maintain that the provisions of *N.J.S.A.* 40A:16–16 are applicable to the present case; said statute provides:

Whenever the office of Mayor or of member of governing body shall be declared or deemed vacant pursuant to R.S.9:3–25, the municipal clerk shall forthwith fix the date for a special election to fill that office for its term or unexpired term, as the case may be, to be held 45 days from the date upon which the office was so declared or deemed to be vacant.[1]

In order for the above statute to be operative, a vacancy must exist within the meaning of *N.J.S.A.* 19:3–25, specifically that "when an equal number of votes shall have been given to two or more persons to fill *any office for which they shall by law be qualified,* the office shall be deemed to be vacant." Plaintiffs contend that defendant Penza's purported failure to comply with the provisions of *N.J.S.A.* 19:13–20(e) renders him unqualified for office within the meaning of *N.J.S.A.* 19:3–25 and that a vacancy does not therefore exist for purposes of this statute. This court wishes to emphasize that the constitutionality of a New Jersey statute is at issue in the present litigation. It is a long standing judicial policy that constitutional questions shall not be addressed unless they are squarely before the court and there exists no other basis upon which to render a decision. *Donadio v. Cunningham,* 58 *N.J.* 309, 325–326 (1971); *Ahto v. Weaver,* 39 *N.J.* 418, 428 (1963); *Sabato v. Sabato,* 135 *N.J.Super* 158, 166 (Law Div. 1975). For these reasons, this court has carefully considered the merits of defendants' motion to dismiss the present litigation.

█ The determination by this court in the present matter will affect not only the parties to the litigation but also the

---

[1]This court is not unmindful of that body of cases which has dealt with tie votes in municipal elections. *See Mulcahy v. Bergen County Board of Elections,* 156 *N.J.Super.* 429 (Law Div. 1978), application of *Moffat,* 142 *N.J.Super.* 217 (App.Div.1976) and *Republican Committee of Garwood v. Garwood,* 140 *N.J.Super.* 593 (Law Div. 1976). The court notes that *N.J.S.A.* 40A:16–16 is a new section without source in prior New Jersey statutes, the effective date of the new sections being April 26, 1979.

rights of the citizens of Egg Harbor City. While the right to be a candidate is not a fundamental right, it is a significant and important right central to our democratic system and for that reason is entitled to special judicial protection. *See Matthews v. Atlantic City,* 84 *N.J.* 153, 168–169 (1980). It is difficult indeed to separate the right to vote from the right to choose from an array of candidates as evidenced by Chief Justice Weintraub's statement that "the right to vote would be empty indeed if it did not include the right of choice for whom to vote." *Gangemi v. Rosengard,* 44 *N.J.* 166, 170 (1965). Further, election laws are to be construed liberally so as to effectuate their intent and to provide a broad right of franchise to the voters. *See Wene v. Meyner,* 13 *N.J.* 185, 197 (1953); *In re Atlantic County Board of Elections,* 117 *N.J.Super.* 244 (App.Div.1971); *Riecker v. Hartmann,* 130 *N.J.Super.* 266 (Law Div. 1974). The paramount rule of statutory construction is that a statute is to be construed consistently with its plain meaning. *Sheeran v. Nationwide Mutual Insurance Co.,* 80 *N.J.* 548, 556 (1979); *Fahey v. Jersey City,* 52 *N.J.* 103, 107 (1968). The Legislature is deemed to mean what it plainly expresses and statutes should not be interpreted according to some unexpressed or hypothetical intent not evident in the statutory language itself. *See State v. Roma,* 143 *N.J.Super.* 504, 508 (Law Div. 1976). This rule of construction is particularly applicable in the present case since the interpretation advanced by plaintiffs would effectively result in the disenfranchisement of Egg Harbor City voters.

■ Applying the above rules of construction, this court holds that the language "any office for which they shall by law be qualified" within the context of *N.J.S.A.* 19:3–25 does, in fact, apply only to those qualifications necessary to hold the office, not those necessary to be nominated by a particular political party. The requirements to hold a public office and to be nominated by a particular political party are not one and the same as was clearly stated by the New Jersey Supreme Court as follows:

There is a marked difference between ones being ineligible to hold an office and ineligible to run for it as the nominee of a particular party. Eligibility to hold the office must depend upon the candidate claiming to have been elected to its possesses the constitutional qualifications if the office be one created by the Constitution, or the statutory qualifications if it be one created by statute, to hold it. But whether one is eligible to run for office as the nominee of a party by getting his name on the ballot at a regular election, under its device, depends upon whether he possesses the political qualifications and party affiliation prescribed by the primary election law, entitling him to become its nominee; and this is true whether his nomination is secured through the voters of the party in a primary election or its committee is filling a vacancy. *Stevenson v. Gilfert*, 13 *N.J.* 496, 506 (*Citing Francis v. Sturgill*, 163 *Ky.* 650, 174 *S.W.* 753 (Ct.App.1915).

■ Primary election laws do not confer the right of qualified persons to become candidates. Such laws only establish the parameters governing the orderly conduct of primary elections. *See Alston v. Mays*, 152 *N.J.Super.* 509, 517 (Law Div. 1977). *See also Imbrie v. Marsh*, 3 *N.J.* 578 (1950) and *Stothers v. Martini*, 6 *N.J.* 560 (1951).

■ For the above cited reason, this court holds that for purposes of *N.J.S.A.* 19:3–25, the statutory requirements are met if a person is qualified to hold office. It is not necessary that a person simultaneously be qualified as the nominee of a particular party.

■ There has been no averment either by way of pleading or oral argument before this court which would in any way indicate that defendant Penza is not qualified to hold the office of City Councilman in Egg Harbor City. The court notes that both at the time of his nomination by the Democratic Party and at the time of the commencement of this litigation, Penza was a sitting Councilman in Egg Harbor City. Accordingly, the court finds that a tie exists between two qualified candidates within the meaning of *N.J.S.A.* 19:3–25.

In opposition to defendants' motion to dismiss, plaintiffs have argued that the case is not moot since if this court were to determine that Penza was not qualified to stand as the Democratic nominee, Mays would have the right to assume the office of City Councilman. That argument is totally without merit.

It is the rule in this State that even if the majority candidate is ineligible to hold office as distinguished from the right to stand as a party nominee, this court has no authority to declare Mays the victor since he did not receive the highest number of votes in the general election. *See Haach v. Ranieri*, 83 *N.J.Super.* 526, 532–533 (Law Div. 1964). *Cf. Alongi v. Schatzman*, 57 *N.J.* 564, 579 (1971).

Contrary to plaintiffs' assertions, the present status of Clifford Mays' candidacy is the result of his failure to garner a majority of votes from among the citizens of Egg Harbor City; it is not the result of this court's dismissal of the present litigation. Accordingly, this court will not thwart the will of the electorate and will not appoint Mays to office.

Given the above, determination that, in light of the tie vote, the present litigation is moot, it is unnecessary for this Court to determine the constitutionality of the challenged statutes for the reasons heretofore stated.

This court finds that for purposes of *N.J.S.A.* 40A:16–16, the vacancy existed as of midnight, December 31, 1980. Accordingly, the Municipal Clerk of Egg Harbor City should consider forthwith proceeding with preparations for a special election consistent with the provision of *N.J.S.A.* 40A:16–16.

For the reasons hereinabove stated, defendants' motion to dismiss is hereby granted. Defendant are directed to submit the appropriate form of order.