In the Matter of SAMUEL A. GIGLIOTTI, Respondent, *v.* HARRY K. BERG, as Comptroller of Oneida County, et al., Appellants.

Fourth Department, December 12, 1972.

*Raymond M. Durr, County Attorney (Donald E. Keinz* of counsel), for appellants.

*Kernan & Kernan (Earle C. Bastow* of counsel), for respondent.

WITMER, J. The Comptroller of Oneida County and the Chairman of the Board of Legislators of Oneida County appeal from a judgment granted by Special Term in an article 78 proceeding directing them and the County Executive of Oneida County " to place or replace Petitioner on the Oneida County payroll as Director of Traffic Safety, and to pay Petitioner the salary for such position from February 9, 1972, to date of entry of judgment computed at the annual rate of $12,857." The issue presented is whether a member of the Oneida County Board of Legislators can be validly appointed by the County Executive to the office of Director of Traffic Safety.

In January, 1972 the Oneida County Executive, acting pursuant to section 309 of the Oneida County Charter (Local Laws, 1961, No. 3 of County of Oneida), appointed petitioner to the office of Director of Traffic Safety. Under the Charter (§ 2207) such appointment would become effective on approval by the County Board of Legislators. Since petitioner was a member of such board, however, before the matter of confirming the appointment came before the board the County Attorney sought the opinion of the Attorney-General of the State of New York as to the propriety of such action by the board. He was advised that if petitioner refrained from participating in the board's action, his confirmation by the board would be valid. On February 9, 1972 the board, with petitioner abstaining, approved the appointment. Later that day petitioner formally resigned as a County Legislator and assumed the duties of the office of Director of Traffic Safety.

The County Comptroller thereupon sought the opinion of the State Comptroller as to the validity of petitioner's occupancy of that office and was advised that " a member of a county board of legislators may not be appointed to a county position or office when the appointment to such position or office is subject to the approval of the board of legislators." The State Comptroller relied upon *Wood* v. *Town of Whitehall* (120 Misc. 124, affd. 206 App. Div. 786), wherein it was held that a town board has no right to *appoint* one of its own members to a town office.

Upon the authority of the opinion of the State Comptroller the County Comptroller advised the Oneida County Executive that in his opinion petitioner's appointment was invalid and the position of Director of Traffic Safety was vacant, and he asked the County Executive to terminate the appointment and have petitioner repay the five days' salary which he had already received. The County Executive did not terminate the appointment, but petitioner returned the five days' salary which he had received. Petitioner has, however, continued in the office of Director of Traffic Safety and has performed the duties thereof without pay pending judicial determination of the issue of the validity of his appointment.

Special Term declared that petitioner was validly appointed and confirmed. We agree.

We do not consider this appointment controlled by *Wood* v. *Town of Whitehall* (*supra*), wherein the appointing body selected the appointee. We note, however, that even the authority of the *Wood* case has been limited by chapter 559 of the Laws of 1952 which amended subdivision 5 of section 64 of the Town Law to

provide that, "a person, otherwise qualified, who is a member of the town board at the time the vacancy occurs may be appointed to fill the vacancy provided that he shall have resigned prior to such appointment." Petitioner did not resign prior to his appointment in this case, but, as noted, the facts of the *Wood* case render it inapposite herein.

It is unquestioned that by law a member of a legislative body may be disqualified from appointment to an office as to which that body either must appoint or confirm the appointment. Such limitation with respect to members of the State Legislature was contained in the New York State Constitution prior to 1938 (art. III, § 7; *People* v. *Tremaine*, 252 N. Y. 27, 41). The Constitution of 1938, however, contains a new section 7 of article III, which in pertinent part reads: "No member of the legislature shall, during the time for which he or she was elected, receive any civil appointment from the governor, the governor and the senate, the legislature or from any city government, to an office which shall have been created, or the emoluments whereof shall have been increased during such time", and further provides that acceptance of a permissible appointment thereunder "shall vacate his or her seat in the legislature".

Under such provision the Governor, by and with the advice and consent of the Senate (N. Y. Const., art. VI, §§ 9 and 21) has from time to time appointed to judicial office a member of the Senate, in cases where the office was not created nor the salary increased by the Senate during that Senator's term, although the appointment was subject to confirmation by the Senate and the Senator did not resign until after confirmation. Under similar provisions of the United States Constitution (art. II, § 2) a Senator of the United States has been appointed to the United States Supreme Court (see *Matter of Levitt*, 302 U. S. 633).

These provisions point up the distinction between the case at bar and the *Wood* case (*supra*) and establish the principle that in the absence of express prohibition an appointing officer of the executive branch of the government may legally appoint a member of the legislative branch to an appointive public office within his jurisdiction although the confirmation of such appointment lies within the power of such legislative branch. It is the executive, not the legislative body, which selects the appointee in this situation, and such confirmed appointments are valid unless expressly prohibited. There is no provision in the Oneida County Charter prohibiting the appointment by the County Executive of a member of the County Legislature to a county

office and the confirmation thereof by the County Legislature; and hence petitioner was legally appointed and confirmed in this case.

The judgment should, therefore, be affirmed.

DEL VECCHIO, J. P., MARSH, MOULE and CARDAMONE, JJ., concur.

Judgment unanimously affirmed with costs.