VILLAGE LAW §§ 3-300 (3), 3-301 (3), 3-312 (3 [a]), 4-400 (1 [c]):
Qualification of Village Trustee to be appointed to other village office.
If a village trustee is otherwise qualified to hold the office of village superintendent of public works, the trustee may be appointed to that position by the village mayor; if the appointment is for a full term it is subject to approval by other members of the board of trustees; if the appointment is to fill a vacancy arising otherwise than by expiration of term, the appointment is made by the mayor for the remaining unexpended portion of the term and is not subject to confirmation by the board of trustees; the office of trustee, if there is not a resignation, would become vacant immediately upon the qualification of the appointee as superintendent of public works. The qualification consists of the filing of the constitutional oath of office and, when required, a bond.
J. Philip Zand, Esq. Village Attorney, New Paltz
We acknowledge receipt of your letter inquiring whether the mayor of a village may appoint an individual otherwise qualified to the office of superintendent of public works of the village if the proposed appointee is a member of the village board of trustees.
The trustees of a village are made elective village officers and the superintendent of public works an appointive village officer under the provisions of Village Law § 3-301 subd 3. By Village Law § 3-300 and subd 3 it is provided that no person shall simultaneously hold an elective and an appointive village office (with certain exceptions not here relevant).
Non-elective village offices are filled by appointment by the mayor subject to approval by the board of trustees under Village Law §4-400 subd 1 par c, if the appointment is for a full term and if the appointment is to fill a vacancy in office the appointment is made by the mayor to fill the unexpired portion of the term under Village Law § 3-312 subd 3 par a which appointment is not subject to approval by the board of trustees.
Two legal questions have to be resolved in connection with your inquiry. The first question is whether approval by the board of trustees as an appointment made by the mayor constitutes the board of trustees as an appointing authority and brings into play the doctrine prohibiting self-appointment expressed in Wood v. Town of Whitehall 120 Misc. 124
aff'd 206 App. Div. 786 (1923), and if this is resolved in the negative, the second is whether a trustee must resign prior to appointment to a non-elective village office so as to avoid the above-mentioned prohibition against simultaneous holding of both an elective and appointive village office.
In the case of Matter of Gigliotti v Berg 40 A.D.2d 182 (1972), it was held that a provision in the Oneida County Charter giving the county executive the power to appoint a director of traffic safety subject to approval by the county legislature did not prevent the appointment to that position of a resigned member of the county legislature and that the power to approve an appointment was not the same as the power to appoint.
Based upon the conclusion reached by the Court in Matter of Gigliotti v.Berg (Supra) it is our opinion that if a village trustee is otherwise qualified to hold the office of village superintendent of public works the trustee may be appointed to that position by the village mayor under Village Law § 4-400 subd 1 par c; if the appointment is for a full term it is subject to approval by other members of the board of trustees; if the appointment is to fill a vacancy arising otherwise than by expiration of term the appointment is made by the mayor under Village Law § 3-312 subd 3 par a for the remaining unexpended portion of the term and is not subject to confirmation by the board of turstees; there need not be an actual resignation as the office of trustee, if there is not a resignation, would become vacant immediately upon the qualification of the appointee as superintendent of public works (Smith
v. Dillon 267 AD 39 [1943]). The qualification consists of the filing of the constitutional oath of office and, when required, a bond.