Glen A. Plotsky Informal Opinion No. 2009-2 Deputy Corporation Counsel City of Port Jervis 19 East Main Street P.O. Box 3139 Port Jervis, New York 12771-3139
Dear Mr. Plotsky:
You have asked whether a member of the City's Common Council can be appointed to fill a vacancy in the position of acting city court judge.[1] Your question arises because General City Law § 3 provides, in relevant part, that "[n]o member of the common council of any city shall, during the period for which he was elected, be capable of holding under the appointment or election of the common council any office the emoluments of which are paid from the city treasury," General City Law § 3, and the Port Jervis City Charter provides that all appointive city officers are nominated by the mayor and appointed by the council. Charter of the City of Port Jervis § C2-4(A). We conclude, as set forth below, that despite this charter language, a vacancy in the position of city court judge is filled by appointment by the mayor with the advice and consent of the city council, and that such an appointment does not constitute appointment by the council within the meaning of General City Law § 3.
Uniform City Court Act § 2104(e) provides that a vacancy in the position of acting city court judge is filled by appointment by the mayor with the advice and consent of the city council. Uniform City Court Act § 2104(e)(1)(i), (2)(ii). To the extent the locally-enacted charter provision is inconsistent with Uniform City Court Act § 2104(e), the local law cannot supersede the state law. See N.Y. Const. Art. VI, § 17(d) (method of filling vacancies for judges of city courts outside New York City "shall be prescribed by the legislature"); id. Art. IX, § 3(a)(2) (except as expressly provided, nothing in Article IX (home rule article) shall restrict or impair any power of the *Page 2 
Legislature in relation to the courts as required or provided by Article VI); Municipal Home Rule Law § 11(1)(e) (local legislative body is not authorized to adopt a local law that supersedes a state statute if such local law applies to or affects the courts as required or provided by article VI of the state Constitution); see also Op. Att'y Gen. (Inf.) No. 2005-19 n. 4 (discussion of how local law relating to filling vacancies is superseded by state law to extent local law deals with matter of state concern).
Moreover, an appointment made by an executive with the advice and consent of a legislative body has repeatedly been found not to constitute appointment by the legislative body. Matter of Gigliotti v.Berg, 40 A.D.2d 182 (4th Dep't 1972), concerned appointments made by the county executive subject to approval by the county board of legislators. The county executive appointed a member of the board of legislators to fill the office of director of traffic safety, and the appointment was confirmed by the board of legislators (the appointee did not participate in the vote). Id. at 183. The appointment was challenged on the grounds that it violated the common law principle, enunciated in Wood v. Town ofWhitehall, 120 Misc. 124 (Sup.Ct. Washington Co.), aff'd on opn.below, 206 A.D. 786 (3d Dep't 1923), that an appointing body cannot appoint one of its own members to an independent office. The court upheld the appointment, explaining that, unlike in Whitehall, the selection of the appointee in Gigliotti was made by the county executive rather than by the legislative body, and such an appointment, even though confirmed by the legislature, was not prohibited.40 A.D.2d at 184.
The court in People ex rel. Lathers v. Raymond, 129 A.D. 477 (2d Dep't 1908), similarly so concluded in a different context. The question before the Lathers court concerned the removal of three members of the city board of public works by the city common council. One argument in support of the common council's removal of the board of public works' members was that the common council had appointed them and therefore could remove them. Id. at 478. The court rejected that argument, on the ground that the appointment at issue was made by the mayor, and the role of the council was only to confirm the appointment. Thus the court drew a clear distinction between the power of confirmation and the power of appointment. Id. at 479.
Likewise this office has previously concluded that a village trustee may be appointed to the office of village superintendent of public works, where the appointment is made by the village mayor, subject to confirmation by the village board of trustees. 1978 Op. Att'y Gen. (Inf.) 247. Following Gigliotti, we explained that "the power to approve an appointment was not the same as the power to appoint."
Therefore, we conclude that an appointment to fill a vacancy in the office of acting city court judge made by the mayor, subject to the common council's consent, is not prohibited by the plain language of General City Law § 3, and therefore that a member of the common council may be appointed by the mayor, subject to confirmation *Page 3 
by the remaining members of the council, to fill that vacancy. The council member who is the subject of the appointment must of course recuse himself from the council's confirmation deliberations and decision.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
KATHRYN SHEINGOLD Assistant Solicitor General In Charge of Opinions
[1] The position is actually "city court judge of Port Jervis who serves in the office that formerly was that of acting city court judge of Port Jervis," see Uniform City Court Act § 2104(e)(1)(i); for the sake of simplicity, we will refer to it as "acting city court judge." *Page 1